(105 N. W. 92.)

---

LOTTIE E. KEENEY AND PATRICK DEVITT v. CITY OF FARGO.

Opinion filed October 2, 1905.

**Judgment Quieting Title Bars Easement and License Existing at the Time of Its Entry — Res Judicata.**

1. In an action to quiet title to real estate, in which the complaint alleges that the plaintiff is the owner of the land in fee and that the

defendant has no right, title or interest therein, a judgment that the plaintiff does own the land and that the defendant had no right, title or interest therein conclusively adjudicates all questions affecting the title to such land, and bars a claim to an interest in the real estate in the nature of an easement in or license or consent to use the land existing when such adjudication was made, in a subsequent action by the same plaintiff for damages on account of the unlawful occupation of said real estate by the defendant.

**Evidence — Expert Testimony — Opinions as to Value of Real Estate Must Rest on Knowledge Thereof, or of Other Similarly Situated.**

2. A witness is not competent to testify in reference to the rental value of real estate, concerning which rental value he has no knowledge nor any knowledge of the rental value of real estate similarly located. The knowledge of the witness as to the rental value of lots used for business purposes does not render such witness competent to testify as to the rental value of real estate of different character and location, and having no rental value for business purposes.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Lottie E. Keeney and Patrick Devitt against the city of Fargo. Judgment for plaintiffs, and defendant appeals.

Reversed.

*Seth Newman,* City Attorney, for appellant.

Entry upon lands by the consent or acquiescense of the land owner will operate as a waiver of the right to prepayment, and the land owner cannot obtain a judgment of ejectment until the damages have been assessed and a default made upon the judgment therefor. 6 Am. & Eng. Enc. Law (1st Ed.) 587, 594; McAuley v. Western Vt. R. Co., 33 Vt. 322.

Plaintiffs have acquiesced in all the defendant's acts in the occupancy and improvement of the property, and can only recover damages under the law of eminent domain. 6 Am. & Eng. Enc. Law (1st Ed.) 595, 597, and notes.

The measure of damages is the damage done to the property less the benefit it received from the improvement. Const. N. D., section 14; Rev. Codes 1899, subdivision 4.

*F. B. Morrill* and *S. G. Roberts,* for respondent.

By pointing out specific objections to the charge the defendant signified his intention to rely upon such objections alone, and has waived all rights that he might have under the alleged general

exception. State v. Campbell, 7 N. D. 58; Galloway v. McLean, 9 N. W. 98; Banbury v. Sherin, 55 N. W. 723; McCormack v. Phillips, 34 N. W. 39; Kennedy v. Falde et al., 29 N. W. 667; New Dunderberg Min. Co. v. Old, 97 Fed. 155.

Defendant admits by answer the sole exclusive use and occupation of the premises in controversy and is estopped to assert the contrary. 11 Am. & Eng. Enc. Law, 447.

The objection that the court erred in directing a verdict, "because the evidence shows conclusively that plaintiffs were not the owners of the entire premises in controversy," is untenable, because nowhere in defendant's specifications of error is the ground upon which the direction of the verdict is now attacked noticed. Wilson v. Seaman, 87 N. W. 577; Henry v. Mather, 6 N. D. 413, 71 N. W. 127; Thompson v. Cunningham, 6 N. D. 426, 71 N. W. 128; Baumer v. French, 8 N. D. 319, 79 N. W. 340; First National Bank v. Merchants National Bank, 5 N. D. 161, 64 N. W.941; Hostetter v. Brooks Elevator Co., 4 N. D. 357, 61 N. W. 49.

The judgment in Devitt v. Fargo, entered in 1900, is res judicata as to the contention that plaintiffs acquiesced in the use of the premises as used, and conclusively precludes the defendant from raising, or the court considering, the point. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Aurora v. West, 7 Wall. 82, 19 L. Ed. 42; Caperton v. Schmidt, 26 Cal. 479; Smith's Leading Cases, Vol. 3 (9th Ed. p. 2094, and cases); South Minn. Ry. Co. v. St. Paul, etc., Ry., 55 Fed. 696; David Bradley Plow Co. v. Eagle Mfg. Co., 57 Fed. 989.

The measure of damages is not the damage to the property less the benefit of the improvement thereto: (1) because defendant occupied it as a street and could not be an occupying tenant; (2) because the alleged improvement was made in connection with the use of the street, and plaintiffs were never cited in the proceedings for the laying out of the same and never consented thereto. Stark v. Star, 1 Sawyer (U. S.) 15; (3) defendant's entry was not under color of title and in good faith. 16 Am. & Eng. Enc. Law, 79; Carpenter v. Mitchell et al., 29 Cal. 330; Hunt v. Pond, 67 Ga. 528; Stamper v. Bradley, 53 S. W. 16; Ry. Co. v. Jones, 68 Ala. 48,

Defendant had notice of plaintiff's title before the improvement was made, and hence did not act in good faith and cannot recover for improvements. Campbell v. Brown, 2 Woods, 349; Gordon v. Tweedy (Ala.) 49 Am. Rep. 813; Craton v. Wright, 16 Iowa, 133; Estell v. Cole, 62 Tex. 695.

Defendant did not ask a directed verdict on the ground that the evidence showed the value of the alleged improvement, and that such improvement was a proper reduction of damages, and only the grounds specified in the motion can be considered on appeal. Minn. Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; First National Bank v. Laughlin, 4 N. D. 481; Mattoon v. Fremont, 60 N. W. 740; Colka v. Jones, 6 N. D. 461, 71 N. W. 558.

The measure of damages is "the value of the use of the property for the time of its occupation." Section 4998, Rev. Codes 1899.

The value of the use is "the rental value, that is, the commercial value of the use of the thing ascertainable by direct proof of what it would rent for or proof of the facts from which a fair rental value may be known." Leick v. Fritz, 62 N. W. 855; Woodhull v. Rosenthal et al., 61 N. Y. 382; Cutter v. Waddingham, 33 Mo. 369.

The value of the lots was not based upon an increased value by reason of the improvement, and even if it were, the defendant, being a trespasser when placing it upon the lots cannot complain. Gilley v. Williams, 43 S. W. 1094; Carpenter v. Mitchell, 29 Cal. 330; Miller v. Ingrom, 56 Miss. 510.

That the premises were never rented, does not prove that they had no rental value. The presumption is that they did have, and the burden is upon the defendant to prove that they had none. This it wholly failed to do, and the opposite appears from the record. Curry v. Sandusky Fish Co. (Minn.) 93 N. W. 896; Bradley v. Brown (Iowa) 53 N. W. 268; Brownwell v. Chapman (Iowa) 51 N. W. 249; Syracuse Gaslight Co. v. Ry., 11 Civ. Proc. R.

MORGAN, C. J. This is an action to recover the possession of certain lots in the city of Fargo, which the city is alleged to have wrongfully taken possession of and excluded the plaintiffs therefrom, and for the recovery of damages for the value of the use of the lots. The property involved in the action is known as "Keeney & Devitt's Third Addition to the City of Fargo," and comprises fourteen lots on Seventh Avenue North. This avenue is thirty-five feet wide, according to the original plat of the city. As traveled and used at present, said avenue is seventy-five feet in width, and the additional width is made by using the lots in question. The city answered and alleged that the plaintiffs had acquiesced in the taking of the lots as a street, and that the city has the right to the possession of the same by prescription, and that the plaintiffs have no title to these lots and are estopped from

claiming any title thereto. The unlawful taking and occupation of these lots is alleged to consist of their use for street purposes and the building of sidewalks thereon, and grading the same as a street, and placing sewer pipes and culverts thereon. The court withdrew all disputed questions from the consideration of the jury, except the damages to be assessed against the city on account of its use of the street since September, 1899. The jury found the plaintiff's damages to be $714.58. Judgment was entered on the verdict, and the city appeals from the judgment.

The question of the title to this property is not open to investigation in this action. Nor is the question whether the plaintiffs consented and acquiesced in the taking of the lots for street purposes open for consideration or adjudication in this suit. These questions were adjudicated in a former suit, brought by the plaintiffs against this defendant to quiet the title of the lots in question in the plaintiffs, and to bar the defendant from claiming any right, title or interest therein. The city was served with the summons and complaint, and through the city attorney filed a disclaimer of any claim or interest to the lots in question. Judgment was thereupon entered adjudging the plaintiffs to be the owners of the lots and further adjudging that the defendant had no right, title or interest to the same. This judgment is still in force and effect, and this court recently affirmed an order of the district court refusing to set the same aside. Keeney et al. v. City of Fargo (N. D.) 105 N. W. 92. The rights of the plaintiffs to these lots were finally settled by that judgment. The issue tendered by the complaint was the ownership and title to the lots, and judgment was entered adjudging that plaintiffs were the owners and that the defendant had no right, title or interest thereto.

It is contended by the defendant that the former suit was an adjudication as to the title to said lots only, and that it is not a bar as to the question of whether the plaintiffs consented or acquiesced in the occupation of the street by the city for the construction of sewers, culverts and other improvements. If the plaintiffs in the former suit consented to the laying of the sewers and the making of other public improvements on the lots in question, then the city had an interest in the lots for that purpose. This consent or acquiescense constituted such an estate or interest in the land that, upon pleading and proving it, the right to quiet the title in the plaintiffs absolutely would have been defeated. Likewise would the right to an unconditional judgment quieting the title

in the plaintiffs have been defeated upon showing that the lots had become a street by prescription or by dedication. When that judgment was rendered, the sewers and culverts had been completed and the lots partly graded for convenience of travel. The issue was tendered by the complaint whether the city had occupied these lots for such purpose under a license from the plaintiffs, and, if the city had an easement in these lots under which it was permitted to occupy the same for purposes of constructing sewers or other public purposes, the right to establish the same was given to the city when it was made a party to that suit and the complaint served upon it. These issues were necessarily tendered by that complaint, and, when the city failed to present the facts as now claimed to exist, the judgment became a final and binding adjudication of these questions. By the judgment it was established that the city had no right, title or interest in the lots, and this was an adjudication that the city had no license or easement to use the lots for any purpose and no interest whatever therein. The judgment declared that the city had no right to these lots, and quieted the title thereto in the plaintiffs without condition or reservations. This bars the right to litigate them now, as they were necesarily an issue in that action. In Indiana, B. & W. Ry. Co. v. Allen (Ind. Sup.) 15 N. E. 446, the court said: "Our statute does not confine the question to one of ownership, but it embraces all claims affecting the owner's right to enjoy his lands; for it provides that the action may be brought against any one 'who claims title to or interest in the real property.' * * * It must result from this, as has been often held, that one who is brought into court to answer as to his interest must set forth all the interest he then claims, and, if he fails to do so, his claim, whatever its character, is barred. The complaint challenges him to present his claim, and it is his own fault if he neglects or declines to use the opportunity offered him of making good his claim. * * * We think it very clear that, where title has been quieted in the owner of the fee, a claim to an easement is conclusively adjudicated and cannot again be asserted." See, also, Smith v. Baldwin, 85 Iowa, 570, 52 N. W. 495; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Van Valkenburgh v. Milwaukee, 43 Wis. 574. The former judgment was therefore a bar to the consideration of all question as to the right of the city to occupy these lots by license, acquiescence or easements and a bar to showing that the city has any interest or estate in the same, and such questions are therefore res adjudicata.

The other assignments of error raised on the appeal pertain to the admission of evidence as to the damages to be assessed against the city. It is insisted that incompetent evidence was admitted as to the value of the use of the lots. The plaintiffs showed by competent evidence the value of each of the fourteen lots involved in the action. The witnesses were then asked what the rental value or value of the use of these lots was per annum. The answers were invariably that the rental value was a certain given per cent of the value of the lots. The rental value was generally given at 6 per cent per annum of the value of the lots. On cross-examination it was shown that their answers were based on what real estate in the business portion of the city actually rented for. They also answered that they knew of no property situated like the property in question that ever rented in the city of Fargo. This property is unoccupied property, and such property was not shown to have any rental value. The only showing made was that lots in the business parts of the city have a rental value. We deem it error to allow an answer as to rental value to stand upon the record when given by a witness and based on the rental value of other property not similarly situated with the property, the value of which is under investigation. Testimony that the rental value of all unoccupied lots in a city is 6 per cent of their value because business property is actually rented for 6 per of its value is misleading and not based on proper foundation. The Stilwell & Bierce Mfg. Co. v. Phelps, 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1035. In the one case the property is shown to have a rental value. In the other case there is no such showing. Some of the witnesses testifying as to the rental value of these lots were real estate dealers and others were not such dealers, but were familiar with the value of these lots from general knowledge of the value of similar property. Whether such testimony was given by real estate dealers or not, they are not competent as witnesses to show rental value, without showing that they were qualified by experience in dealing with similar property or actual knowledge of transactions in reference to renting such property, to express an opinion as to such value. The mere fact that a witness is a real estate dealer does not alone make him qualified to express an opinion as to rental value. There must also be experience in dealing with the property in question or similar property. See Rogers on Expert Testimony, section 152, and cases cited.

Defendant made timely objections to the questions asked and motions to strike out the answers of witnesses testifying that the rental value of these lots was a certain per cent of their value as fixed by them, as not based upon proper foundation. The answers should have been stricken out. The answers were based on the rental value of other property not similarly situated with the property in question. To assume that unoccupied vacant property, not shown to have any rental value, has the same rental value proportionate to its value as other property, not of the same character or location, leads to conclusions not necessarily based on the truth. No invariable rule can be laid down for ascertaining the rental value of real estate of different classes. The rental value of each class may be different, although the value of the lots may be the same. The rental value of these lots should have been shown without relation to the prevailing rental value of other property not similarly located. The method adopted in this case of establishing the rental value on a basis of a percentage of its actual value has been generally citicized. See Woodhull v. Rosenthal, 61 N. Y. 382, and Brownwell v. Chapman (Iowa) 51 N. W. 249, 35 Am. St. Rep. 326.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings according to law. All concur.