ISAAC D. MOSLEY, Appellant, v. NEWTON W. EVANS.

Division Two, April 26, 1918.

1. **EJECTMENT: Limitations: Finding of Trial Court.** A finding by the trial court in an ejectment that the respondent has been in the actual adverse possession of the land for ten years, claiming to be the owner, if supported by substantial evidence, is binding on the appellate court.

2. **RES ADJUDICATA: Extent: Different Tracts in Ejectment.** If the title of the five acres in suit was not determined in the former ejectment between the same parties, though defendant's answer

asserted ownership and prayed judgment, the judgment adjudging plaintiff to be the owner of an adjoining ten-acre tract and ignoring that part of the answer is not *res adjudicata* of defendant's claim to the five acres. Even though the facts supporting defendant's title to both tracts are the same, yet the title to the five acres was not a matter or issue that could have been brought forward in the former action in such a manner as to affect the decision as to the separate ten-acre tract.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

Affirmed.

*L. O. Nieder* and *G. W. Goad* for appellant.

(1) The description in the deeds introduced in evidence by the defendant is so vague and indefinite that no title was passed thereby, neither were said deeds, or either of them sufficient to clothe the defendant with color of title to the land in controversy. Varguey v. Richardson, 19 Mo. 96; Bell v. Dawson, 32 Mo. 79; Holmes v. Strantman, 35 Mo. 293; Alexander v. Hicox, 34 Mo. 496; Dixon v. Finnegan, 182 Mo. 111; Campbell v. Johnson, 44 Mo. 246. (2) The judgment rendered in the former suit was *res adjudicata* in this case. In the former suit the defendant's answer prayed affirmative relief as to the title of the identical land involved in this suit, and judgment rendered on the issues there joined. Smith v. Keene, 231 Mo. 239; Johnson v. Realty Co., 167 Mo. 395; Yates v. Johnson, 87 Mo. 217; Hotel Assn. v. Parker, 58 Mo. 327; Railroad v. Traube, 59 Mo. 355; Comstock v. Dain, 51 Mo. 569; Donnell v. Wright, 147 Mo. 639; Greenbaum v. Elliott, 60 Mo. 25; Caldwell v. White, 77 Mo. 471; Realty Co. v. Norman, 259 Mo. 631; McClure v. Bank, 263 Mo. 136; Hiner v. Hiner, 243 Mo. 495; Tie & Timber Co. v. Pulham, 237 Mo. 18; Emmert v. Aldridge, 231 Mo. 128; Spratt v. Early, 199 Mo. 500; Donnell v. Wright, 147 Mo. 647. (3) The judgment rendered in the former trial, fixing the boundaries between the parties to this action, was conclusive in this case. A judgment

fixing boundaries, not appealed from, is conclusive as against the parties and their privies. 9 Corpus Juris., p. 294, sec. 356; Martin v. Pattillo, 126 Ga. 436. (4) There was no evidence fixing the boundary of the defendant's land on the north. The cross fence in evidence was not a cross fence. It had no beginning nor ending at any designated point, nor was there any evidence offered by the respondent that there was any agreed line established between Moseley and Raney when the fence was made across the field. Hilgedick v. Gruebbel, 246 Mo. 140.

*Curtis & Evans* for respondent.

(1) The finding of the trial court in favor of, the defendant upon the grounds of a parol partition or of adverse possession is final and will not be reviewed by this court. Gains v. Fender, 82 Mo. 509; Heynbrock v. Hormann, 256 Mo. 21; Woods v. Johnson, 246 Mo. 289. (2) Parol partition, followed by possession is valid, where the parties, as in this case, derive title from a common source. Sutton v. Porter, 119 Mo. 100. (3) Where adjoining landowners are ignorant of the true line and agree upon a permanent boundary line, and possession is taken acordingly, the agreement is binding on them and those claiming under them. Jacobs v. Mosely, 91 Mo. 457; Corrigan v. Early, 183 S. W. 574. (4) The declarations of a grantor now deceased, regarding his title may be admitted, not to show title, but to show possession was adverse. Mississippi County v. Vowells, 101 Mo. 225; Heynbrock v. Hormann, 256 Mo. 21; Davis v. Alexander, 183 S. W. 563. (5) In order to show adverse possession, defendant may show the possession of those under whom he claims. Adair v. Mette, 156 Mo. 496. (6) A fence, building or other improvement is not essential to constitute adverse possession. Leeper v. Baker, 68 Mo. 400. (7) If the line contended for by the defendant was pointed out by plaintiff's grantor to the defendant or his grantor as the true line, it is only necessary that the defendant's use or posses-

sion of said strip in dispute continue long enough thereafter to indicate what was the understanding of the adjacent owners. Dee v. Nachbar, 207 Mo. 680. (8) Since the defendant had been in possession of the land in question under an apparent claim of ownership to the cross fence for a period covered by the Statutes of Limitations, the burden is on the plaintiff to show the defendant's holding was subject to the future ascertainment of the true line between plaintiff and defendant, or in other words, the burden is on the plaintiff to show that adverse possession has not run. Lemmons v. McKinney, 162 Mo. 525; Corrigan v. Early, 183 S. W. 574; Mangold v. Phillips, 186 S. W. 988. (9) One judgment is not a bar to another when the subject-matter of the two actions is not the same. State ex rel. v. James, 82 Mo. 509; State ex rel. v. Hollinshead, 83 Mo. App. 678; Scheurich v. Electric Co., 188 S. W. 114. (10) To be *res adjudicata* a judgment must be as to matters directly in issue, and not to points which were collaterally or incidentally considered, or that could only be argumentatively inferred from the judgment. Ridgley v. Stillwell, 27 Mo. 128; Dichey v. Hein, 48 Mo. App. 114; Hartwig v. Ins. Co., 167 Mo. App. 128.

WILLIAMS, J.—This is an action to recover the possession of and to determine the title to the following described land in Wright County, Missouri, to-wit: "Commencing forty rods north of the southeast corner of the southeast quarter of the northeast quarter of Section Twenty-two, Township Thirty-one, Range Thirteen, thence running north 4.84 chains, thence southwest to a point forty rods north of the southwest corner of said southeast quarter of the northeast quarter of said Section Twenty-two, thence east to the place of beginning." The following rough plat, drawn by the writer, will show the approximate location of the land in dispute:

The petition is in ejectment.

SE ¼ of NE ¼ Section 22,
Twp. 31, Range 13, Wright Co., Mo.,

The triangular tract a b c is the one in dispute.

The answer contained: (1) An allegation that defendant is the owner of and in possession of the land described in the petition: (2) An allegation that defendant is the owner of a certain tract of land in the southeast quarter of the northeast quarter of Section Twenty-two, Township Thirty-one, Range Thirteen, in Wright County, Missouri, described as follows: (then follows a description which covers all and a little more than the land described in the petition). The answer then pleads the source of defendant's title and asks the court to decree and adjudge the title of said land to be in the defendant.

The reply contained: (1) a general denial, and (2) a plea of *res judicata*.

The case was upon change of venue tried in the circuit court of Greene County, resulting in a judgment decreeing the title to be in the defendant. Thereupon plaintiff duly appealed.

Plaintiff's evidence tends to establish the following facts:

William Raney, William Moseley and John S. Moseley are the common source of title. Plaintiff is the son of William Moseley, deceased.

*April 30, 1909,* plaintiff, as grantee, received a deed executed by all the heirs of the three above named persons (the common source of title), which deed includes the land now in dispute.

Defendant's evidence tends to show that after William Raney, William Moseley and John S. Moseley purchased this land, Raney and William Moseley paid back to John S. Moseley the one-third of the purchase price which he had furnished, and that thereafter John S. Moseley claimed no interest in the land; that afterwards William Raney and William Moseley made a parol partition of the land, Raney taking that portion of the land south of a certain cross fence located on the southeast quarter of the northeast quarter of Section 22, Township 31, etc., and William Moseley taking as his share that portion north of the cross fence. It is inferred from the evidence that the said cross fence was located approximately along the line a-b shown on the above plat and that the parties agreed that the fence was the dividing line. After that time and in 1874 Raney made a deed to one Hiram Rose containing the following description: ''and a portion of the southeast quarter of the northeast quarter down to a certain cross fence in Section 22, Township —— Range 13, in Wright County, Missouri.''

In 1876 Hiram Rose and wife executed a deed to Samuel Evans (the father of defendant) conveying ''a fraction of the southeast quarter of the northeast quarter of Section 22, Township 31, Range 13, containing ten acres more or less'' and other land. Defendant received conveyances from the different heirs of Samuel Evans. One of these deeds, dated March 10, 1899, described the land as a ''part of the southeast quarter of the northeast quarter, Section 22, on the south side of said 40 down to the cross fence, all in Township 31, Range 13.''

The last deed from any of the heirs of Samuel Evans to defendant, dated January 30, 1900, described the land in practically the same way.

After the parol partition between the original purchasers, which was sometime prior to 1874, Raney went into the exclusive possession of all the land south of said

fence, and William Moseley went into the exclusive possession of all land north of the fence, and from said time down to the present the defendant and those under whom he claims have been in the possession of said land south of said fence, cultivating the same continuously and claiming to own the same.

In rebuttal plaintiff offered testimony tending to show that the cross fence above mentioned was not agreed upon as a permanent dividing line between the two owners, but was merely a temporary designation made for the purpose of keeping stock within proper bounds and subject to be changed when the true line should be afterwards surveyed. It does not appear that any change in the dividing line was ever made.

Plaintiff also offered in evidence the pleadings and judgment of the circuit court of Wright County, Missouri, wherein the present plaintiff was plaintiff and the present defendant was defendant. In that suit the plaintiff's petition is in ejectment to recover the possession of a ten-acre strip lying adjoining and immediately south of the land involved in the case at bar. Defendant in his answer in that case claimed to be the owner of the land described in plaintiff's petition in that suit, and also alleged that he was the owner of the land north of said strip and up "to a certain cross fence" on said forty (which included the land now in controversy), and asked that the court decree and determine the title to all the land described in his answer. Trial was had and the judgment here introduced in evidence shows that the court found that the title to the ten-acre strip described in plaintiff's said petition was in the defendant, but the decree made no reference to the land lying between said strip and the cross fence (the land involved in the present action).

I. The circuit court found that defendant had been "in the actual, open, continuous, notorious, adverse, peaceable and uninterrupted possession of the above described lands, claiming to be the owner thereof, for more than ten years next before the filing of this cause of action, and that the plaintiff nor

Limitations.

those through whom he claims has never been in the possession of said lands during any of said time.'' The evidence was sufficient we think to support the above finding and since this is a suit at law the trial court's finding is binding here.

We do not understand that the appellant seriously controverts the above conclusion, because upon the oral argument here appellant's counsel announced that appellant's point, mainly relied upon for a reversal, was that of *res judicata,* which point we discuss below.

II.   Should the above mentioned former judgment of the circuit court of Wright County, Missouri, in an action between the same parties, operate as a bar to the rendition of the present judgment in respondent's favor?   We think not.

Res Adjudicata.

While it is true that in the former suit, as shown by the foregoing statement of facts, the answer did ask the court to determine the title to a strip of land, which strip of land included the land here involved, yet when the judgment was rendered in the cause it merely determined the title to the ten-acre strip described in plaintiff's petition therein.   The title to that ten acres (not here involved) was adjudged to be in the defendant, respondent here.   Whether by inadvertence or not we do not know, yet it clearly appears that the judgment fails in any manner to determine the title to the five acres here involved.   The judgment not only fails to specifically mention the land here involved, but also fails to use any langage, even in general terms, which might be construed as a determination of the title thereof.

We are aware of the general rule that when a given *subject-matter is finally adjudged,* such judgment becomes *res judicata* as to all matters or issues, bearing on the adjudged subject-matter, which were or might have been brought forward in support of or against the decision which was finally rendered.   But it does not occur to us that this rule can avail appellant here.   The *subject-matter* of the present suit, to-wit, the question of the title to the five-acre strip, *was not determined* in that

action. Neither was it such a matter or issue as was or could have been brought forward as in any manner affecting the decision as to the ten-acre tract. It is no doubt true that many of the facts supporting defendant's title to the two tracts are the same. In so far as that is true the respondent, in whose favor the former judgment determined the title to the ten-acre tract, might, under the holdings of the various decisions on the question, find encouragement for the view that *he* be allowed to claim that as to all such issues of fact the appellant would now be barred from again litigating the same, but we are unable to see wherein the appellant himself can invoke the doctrine.

We have not been cited to an authority nor have we been able to find one which deals with the exact situation here involved, but we are of the opinion that the well-settled principles of the doctrine of *res judicata* when applied to the facts here involved can justify no other conclusion. [Clemens v. Murphy, 40 Mo. 121; Chouteau v. Gibson, 76 Mo. 38, 1. c. 47-49.]

The judgment is affirmed. All concur.