JULIUS C. AUTENRIETH, RESPONDENT, v. PARIS BARTLEY AND MARIE BARTLEY, HUSBAND AND WIFE, APPELLANT.—176 S. W. (2d) 546.

Kansas-City Court of Appeals. December 6, 1943.

*Baker & Baker* for appellants.

*T. A. Faucett* for respondent.

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Callaway County, wherein the court found that the plaintiff had an easement for road purposes over a sixteen-foot strip of land and that the defendants had obstructed the use thereof and permanently enjoined them from further interference with the usage of said roadway. From that judgment, the defendants appealed.

But two assignments of error are made: (1) The evidence failed to establish plaintiff's right to an easement for a roadway, for certain specific reasons; (2) that the judgment in a prior suit filed and tried between the same parties involving the same sixteen-foot strip of land is *res judicata* of the issues in the present case, and the trial court erred in not so holding. If this contention be sound, then we need not discuss the first assignment of error.

For clarity the parties will be referred to as plaintiff and defendants because they were such in each of the two suits hereinafter referred to.

The record discloses that prior to July 15, 1897, two brothers, John F. Bartley and Robert L. Bartley, owned a tract of land, of approximately 160 acres, as tenants in common; that on July 15, 1897, they divided the land between them, Robert taking the west half and John the east half. The division of the land was made by exchange of proper warranty deeds; at the time of the division, the sixteen-foot strip of land now in dispute and along the south end of the land taken by John was deeded to Robert in fee. From that time on Robert used this strip of land as a roadway going from his farm to a small tract of land which he owned to the east, and also as an outlet to a county road known as the "Mokane Road." Some time later, the record does not disclose the exact date, Robert conveyed the west half to certain grantees, but did not include the sixteen-foot strip in that conveyance. In about 1917, the plaintiff bought from such grantees of Robert the west half of the land which had originally been owned jointly, but the sixteen-foot strip was not included in his deed. The evidence is that from the time Robert received his deed this sixteen-foot strip had been used by him and his grantees as a roadway or passageway from his farm to the Mokane Road, and that the owners of his tract had expended some money in improving the roadway and keeping it in passable condition. There is no claim it was or had become a public road.

On March 31, 1941, the defendants obtained quit-claim deeds to this sixteen-foot strip from all of the heirs of Robert Bartley and soon thereafter asserted ownership of such strip and built a wire fence across it. Soon thereafter, and as a result of the claims of the defendants, the plaintiff filed suit against defendants seeking to have the

title, interest and estate of the respective parties determined in and to said land. He alleged ''that he holds the title to, and is in the possession of certain real estate located and situated in the County of ·Callaway . . : (describing sixteen-foot strip); that he acquired title thereto by reason of the following facts: (he then recites the joint ownership of John and Robert Bartley to the 160 acres and that they divided the same on July 15, 1897, Robert retaining fee title to the sixteen-foot strip and that soon after Robert became the sole owner of the sixteen-foot strip he built and maintained a fence on the north side thereof, and graded and worked said strip and used the same as a roadway in passing from Robert's land to the Mokane Road; and that he and those under whom he claimed had worked and graded and used said strip as a roadway continuously since that time); that the plaintiff and those under whom he claims have been in possession of said land and used the same for road purposes continuously since·it was first used and adopted as a road, and that the title to said real estate has vested in him by limitations under the provisions of section 1008 of Chapter 6 of the 1939 Revised Statutes of Missouri . . . ; that the defendants claim title to said real estate by reason of a quitclaim deed, made to them on the 31st day of March, 1941 (by the heirs of Robert Bartley, naming them). Plaintiff further states that the grantors in said quitclaim deed did not own said real estate, when said deed was made, and that such claim of the defendants is adverse and prejudicial to the plaintiff and casts a cloud on his title. Wherefore, plaintiff prays the court to try and ascertain and determine the estate, title and interest of the plaintiff and the defendants herein respectively, in and to the sixteen-foot strip of real estate aforesaid, and to define and adjudge by its judgment and decree, the title, estate and interest of the parties, plaintiff and defendants, herein severally, in and to the aforementioned premises, according to the statutes in such cases made and provided. . . . ''

To this petition the defendants answered, denying that the plaintiff was the owner of said sixteen-foot strip and alleged ''that they are the owners thereof; that they acquired title from all the heirs at law of Robert L. Bartley mentioned in plaintiff's petition; that they and those by, through and under whom they claim, have paid the taxes on said land for more than thirty-one years continuously next prior to the filing of this suit, and that neither the plaintiff, nor any of those under whom he claims, have paid any taxes on said land during all of ·said period of time. Wherefore, defendants pray the court to ascertain and determine the title to said strip of land, and by proper judgment, order and decree determine that the plaintiff has no interest therein or any part thereof, but that these defendants are the owners thereof absolutely in fee.''

The cause was tried by the court resulting in a judgment dismissing plaintiff's petition and decreeing the defendants to be the owners in

fee of said sixteen-foot strip. There was no appeal taken from that judgment. Thereafter, this suit was filed, and the facts and circumstances alleged in this petition, concerning the chain of title, and the possession and use of said strip of land by the plaintiff and his predecessors are the same as in the first petition; but in the second petition, plaintiff claims only an easement for road purposes over said sixteen-foot strip and prays the court to enjoin the defendants from interfering with his use thereof. The defendants answered, denying plaintiff had an easement in said land and alleging that the judgment in the first suit was *res judicata* of the issues in this suit. The cause was tried by the court, resulting in a judgment for the plaintiff, declaring he had an easement for road purposes in the strip of land and enjoining the defendants from interfering with the use thereof.

The record discloses that the evidence in this case was substantially, if not identically, the same as was submitted in the first case.

In arriving at a proper conclusion as to whether the judgment in the first suit is *res judicata* of the issues in the present suit, there are certain things which are conceded, or are perfectly apparent from the record, to-wit: the two suits were between the same parties and involved the same subject-matter, i. e., the sixteen-foot strip of land; the pleadings and evidence concerning the chain of title and adverse possession or usage were the same.

The plaintiff contends that by the first suit he sought to recover only *fee title* to the land, while by the second suit he seeks to recover only an *easement* over the same land and an injunction against the defendants from interfering with the usage thereof, and therefore the issues in the two suits are entirely different. We cannot agree to that position for two reasons; When the pleadings in the first case are considered and the relief sought by plaintiff and defendants, it is apparent that the primary and fundamental issue involved was the title, interest and estate of whatever nature of the parties in and to the sixteen-foot strip of land, and the trial court could have, and no doubt did, decide the interest and title of the parties to such land. It is true the first judgment did not specifically state that the plaintiff did not have an easement over this land, but it did dismiss plaintiff's petition, and state that the fee title was in defendants. The cases all hold that an issue once decided by a judgment unappealed from is a finality and cannot again be litigated.

Furthermore, it is the universal rule that the plea of *res judicata* applies, except in special cases, not only to points and issues upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belongs to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. [Donnell v. Wright, 147 Mo. 639, 647; Emmert v. Aldridge, 231 Mo. 124.]

In Spratt v. Early, 199 Mo. 491, 500, the Supreme Court in banc announced the prevailing rule in this State as follows:

"What is urged in the present action could have been urged in the former action. The first action involved the whole lot, and this a part of the lot. · The parties are identical; and the exact contention made in this suit could have been made in the other.. Plaintiff did not deem it proper, for reasons perhaps best known to himself, to make the contention. That he could have presented the matter, goes without question. When evidence was introduced as to the homestead rights of Mrs. Duffy, for the purpose of disrobing the conveyance of the alleged fraud, the plaintiff could have shown and should have shown that there was an excess over and above the homestead interest, which could be impressed with the fraud. Had he done so this court would have so said in the former opinion. Parties cannot be permitted to try their cases by piecemeal. Whatever should have been in the first case, for the purpose of passing upon the question of former adjudication, will be considered to have been there."

So in the present case the plaintiff could have joined, if he did not do so, in the same suit the question of his right to fee title by adverse possession with the claim for an easement over this property by adverse usage. [Hoxsey Hotel Co. v. Farm & Home Savings & Loan Assn., 163 S. W: (2d) 766.] A claimant will not be permitted to try his claims of title or interest in real estate "by piecemeal."

Section 1684, Revised Statutes 1939, since its amendment in 1909, is very broad and comprehensive in its provisions and authorizes the court "if same be asked for in the pleadings of either party", to hear and finally determine "any and all rights, claims, interest, liens and demands, whatsoever of the parties or any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereof as if rendered in any other, different or separate action prosecuted therefor".

In construing this section, the Supreme Court said, in Rains v. Moulder, 338 Mo. 275, 90 S. W. (2d) 81, "this statute was intended to permit determination in one action of any and all rights, whether legal or equitable, of any litigant, affecting the title to real property involved in suit". To like effect is the holding of the Supreme Court in Lortz v. Rose, 346 Mo. 1212, 145 S. W. (2d) 385, and Bernero v. St. Louis Union Trust Co., 287 Mo. 602. The provisions of this statute are as broad and far reaching as language can make it. [Rutledge & Taylor Coal Company v. Dent, 308 Mo. 547.]

We think it is clear that the court, in the first suit, could have decided plaintiff's right to an easement. While the judgment is somewhat incomplete, in that it merely dismisses plaintiff's petition and decrees title in the defendants, we think the effect of the judgment was the finding that the plaintiff did not have any title to the real estate in question. [Armor v. Frey, 226 Mo. 646, 664.]

At times it may seem like a harsh rule, but it has been well said, "that the doctrine of *res judicata* may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, justice and public tranquillity. Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of *res judicata*, would be endless. The doctrine of *res judicata* rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, *or had an opportunity to litigate*, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent." (Italics ours.) [30 American Jurisprudence, page 910, section 165.] Our own courts have defined the doctrine of *res judicata* to mean, in substance, that every man is entitled to one day in court, one fair trial of his case, and only one, and no one shall be permitted to harass another or occupy the time and attention of the court for the second time for the same controversy. [Adams v. Metropolitan Life Ins. Co., 139 S. W. (2d) 1098; State ex rel. Metropolitan Life Ins. Co. v. Hughes, 148 S. W. (2d) 576, 347 Mo. 549.]

Our courts have decided, time without number, that all matters properly in an action are to be adjudicated, and the rule of *res judicata* applies to all matters that are germane to any cause of action regardless of whether presented or not. [Smith v. Smith, 157 S. W. (2d) 571; Healy v. Moore, 100 S. W. (2d) 601; Scheer v. Trust Co. of St. Louis, 330 Mo. 149; Powell v. City of Joplin, 335 Mo. 562, 73 S. W. (2d) 408; State ex rel. Gatewood v. Trimble, 333 Mo. 207, 62 S. W. (2d) 756.] While we find no cases in Missouri deciding the exact question of whether a judgment in a suit to determine title is *res judicata* in a later suit to establish an easement over the same land on the same facts, we do find that exact question decided by the Supreme Court of Oklahoma in Sweeney et al. v. Coleman, 69 Okla. 31, and the Supreme Court of North Dakota in Keeney & Devitt v. City of Fargo, 14 N. D. 423, and Morarity v. Callaway et al., 134 Ind. 503.

By analogy, it seems to us that the decision of the Supreme Court in Emmert v. Aldridge, *supra*, settles the question presented here. We will not detail the facts, but the purport of the decision will be found in the following language (1. c. 129):

"We therefore say that when Starbuck was called into court in the case under section 650 to have his title ascertained and determined he should have disclosed to the court all of his avenues of title whatever

they may have been. If he had title to this one-forty acres by reason of the homestead act of 1865, and the deed from Mrs. Aldridge, it was his duty to have urged the matter to the court at that time. Under the rule the matter has been as fully adjudicated as if it had been specifically tendered and adjudicated. It was but one method by which he could show his alleged title to the court. A litigant having several defenses to plaintiff's claim of title, can not split them up and litigate them by piecemeal in several different suits.''

It is of interest to note that the plaintiff testified in this case that, prior to bringing the first suit, the only dispute or controversy between him and the defendants concerning this sixteen-foot strip of land, was his right to use it as a roadway; and that his testimony in this case was substantially the same as in the first case. We mention this to indicate that the plaintiff had knowledge of the facts and of what the dispute and controversy was before he brought his first suit and that he had every opportunity of presenting to the court whatever claim, right, title or interest he had in and to such land. Being possessed of such knowledge, it was his duty to bring forth whatever claim of title or interest he had and whether he did so or not, he had an opportunity to do so, and if he failed, he is nevertheless estopped to relitigate an issue which was or could have been litigated in the first suit.

Plaintiff contends that *res judicata* does not apply because the present suit is an injunction suit, while the first was for the purpose of ascertaining title in the sixteen-foot strip. There is no merit in this contention, because, before plaintiff would be entitled to relief by injunction he must first establish his right to an easement over the strip of land; therefore, the first and fundamental question in the present suit is, whether the plaintiff is entitled to such easement, and the relief sought by injunction is merely incidental to the enforcement of his right to such easement. Merely denominating this an injunction suit does not make it an entirely different and separate cause of action and demand so as to relieve the plaintiff from the application of the doctrine of *res judicata*; and the line of cases which hold that where the second cause of action or demand is entirely different from the first then *res judicata* does not apply, have no application in this case. In his brief, plaintiff says concerning the first suit: ''Even granting that the court had a right to declare the plaintiff had an easement in this strip of land, he could not have had any right to have enjoined the defendants from interfering with this strip of ground under the pleadings in the first case.'' That may be true, but if so, it would be the result of plaintiff failing to ask for injunctive relief for the enforcement of his rights in the first petition, but it would not alter the primary question which the court was called on to try; that is, the rights and interests of the respective parties in and to this strip of land. If, after the court had declared an easement in the plaintiff,

the defendants had continued to obstruct his use thereof, then he could have brought a suit to enjoin the defendants from interfering with a right already established by a judgment of court. We have examined the cases cited by plaintiff and find they are not decisive of the question now under consideration.

In Moseley v. Evans, 274 Mo. 216, the trial court, in the first suit, made no finding of any kind concerning the five acres involved in the second suit and for that reason, the Supreme Court held *res judicata* did not apply.

In State ex rel. Blair v. Center Creek Mining Co., 262 Mo. 490, the court held that where the original order of incorporation of a town by the county court was not pleaded or in issue, a judgment in a tax proceeding for taxes for years of 1898 to 1902, would not be conclusive, in a subsequent suit for other taxes, of the question whether defendant's property was rightly included in the city by the original order of incorporation. In the present case the question of title or estate in the sixteen-foot strip was the primary question in both suits.

In Davidson v. Davidson, 249 Mo. 474, the court held where creditor had his debt allowed against the estate in probate court and later took a note and deed of trust as further security, but not in payment of the debt, and a judgment setting aside the note and deed of trust was not *res judicata* of validity of original debt. That decision is not decisive of question before us.

We are forced to the conclusion that the judgment in the first suit estops the plaintiff from bringing the second suit involving the same fundamental and primary question, i. e., title to real estate, that was involved in the first suit. It follows that the judgment should be reversed. It is so ordered. All concur.