Josephine BOVER, Appellant,

v.

Joe Bill LONG and Gladys Long, Respondents.

No. 13511.

Missouri Court of Appeals, Southern District, Division One.

Sept. 10, 1984.

John Jacobs, Gainesville, for appellant.

James E. Curry, Ava, for respondents.

FLANIGAN, Judge.

In October 1982 plaintiff Josephine Bover brought this ejectment action against defendants Joe Bill Long and Gladys Long, husband and wife, in the Circuit Court of Ozark County where the disputed land lies. Defendants filed a motion to dismiss on the ground that "the same issues were tried in this court in Case No. 2196," in which Josephine Bover [then Josephine Mallonee] was plaintiff and the Longs were defendants. The judgment in Case No. 2196 was in favor of the Longs and was entered on October 24, 1978. No appeal was taken from that judgment. The trial court sustained the motion and Bover appeals.

Bover contends that the trial court erred in dismissing the action, on the ground that the judgment in Case No. 2196 was res judicata of the issues here, because: (1) "The issues involved in ejectment are significantly different from those involved in either reformation of deed or adverse possession, the bases of Case No. 2196," and (2) "plaintiff could not have litigated the claim of ejectment in Case No. 2196 because the corrective deed upon which the claim is based did not then exist."

The Longs hold record title to an irregular 25-acre tract, the southern portion of which, also irregular and of unknown acreage, is in dispute. Plaintiff is the record owner of the land lying immediately south of the disputed area. For the purposes of this opinion the 25-acre tract will be called Tract A, the disputed area (which is the southern portion of Tract A) will be called Tract B, and plaintiff's land lying south of tract B will be called Tract C. Prior to December 14, 1956, all three tracts were owned by Ireland Wells and Nellie Wells, his wife.

Three warranty deeds are germane to the disposition of this appeal. They are:

Deed 1—On December 14, 1956, the Wellses conveyed Tract A (which includes Tract B) to B.P. Wells. The Longs derived their record title to Tract A as heirs of B.P. Wells.

Deed 2—On July 3, 1965, the Wellses conveyed Tract C to Bover. The record does not show whether or not the description in this deed included Tract B as well as Tract C. It is a reasonable inference that Tract B was not included.

Deed 3—On January 9, 1982, Nellie Wells, the widow of Ireland Wells, conveyed, more accurately purported to con-

vey, Tract B and Tract C to Bover. This is the so-called "corrective deed."

It should be observed that Deed 3 was executed over three years after the judgment was entered in Case No. 2196. The petition in Case No. 2196 was in two counts. In Count I plaintiff Bover sought reformation of Deed 1 so that, as reformed, its description would not include Tract B.[1] In Count II Bover claimed title by adverse possession to Tract B and sought quiet title relief. The court found against Bover and in favor of the Longs on both counts of the petition and that judgment became final.

In the petition in the instant action, which was entitled "Ejectment to Try Boundary," Bover alleged that she was the owner of Tract B and Tract C; that she acquired that land from the Wellses by Deed 2; that she had paid the taxes on the land from and after 1965; that defendants [the Longs] claimed to own Tracts A and B and have unlawfully withheld possession of Tract B from Bover. The petition further alleged that Deed 2 was corrected by Deed 3.

The petition requested several forms of relief, including a declaration that the boundary line between Bover's land and the land of the Longs was what it would be if the Longs owned only Tract A and Bover owned Tract B and Tract C.

The "common grantors" of Bover and B.P. Wells, the Longs claiming under the latter, are Ireland Wells and Nellie Wells, his wife. "The rule is settled in this state that where the adversary parties in actions to quiet title as well as in actions of ejectment hinge their claims of title to the prop-

erty in controversy upon that of a common grantor or ancestor, then the court and jury have but one issue to solve, to wit, which of the adversary parties acquired the title under which they respectively claim? And in determining this issue it is sufficient if the record shows that the contending parties proved, admitted, or assumed a common source of title." *Riley v. O'Kelly*, 250 Mo. 647, 157 S.W. 566, 568 (1913). See also *Kirkwood Realty Ins. & Adjustment Co. v. Henry*, 349 Mo. 522, 162 S.W.2d 600, 602[4–6] (1942).

■ Bover was a party to Case No. 2196. Although Ireland Wells and Nellie Wells were not parties in that action, any issue with regard to their non-joinder should have been raised during its trial and thus Bover may not, in this action, challenge the validity of the judgment in Case No. 2196 on the ground of non-joinder of parties. *Moore v. Beck*, 664 S.W.2d 15, 17[1] (Mo. App.1984).

■ In Case No. 2196 Bover made an unsuccessful attack upon Deed 1. The judgment in that action became final and Bover may not, in this action, renew her challenge to the validity of Deed 1. *Moore v. Beck*, supra, 664 S.W.2d at 18[6–8]. So far as Bover is concerned, Deed 1 effectively conveyed Tract B to B.P. Wells and that title descended to the Longs. The judgment in Case No. 2196 stripped Bover of any standing to claim title, or right of possession based on title, to Tract B based on Deed 2. Matters purportedly affecting the title to Tract B and antedating the rendition of the judgment in that action cannot be relitigated by Bover. *Moore v.*

---

**1.** Plaintiff has not challenged the judgment in Case No. 2196 on the ground that *she herself* lacked standing to bring Count I in that case. "The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case." *Pruellage v. DeSeaton Corporation,* 380 S.W.2d 403, 405[3] (Mo.1964).

Clearly plaintiff had standing to bring Count II. As to her standing to bring Count I, if that

issue had been raised in that action, see *Hilton v. Hilton,* 202 Ga. 53, 41 S.E.2d 880 (1947). But compare *General Development Corporation v. Kirk,* 251 So.2d 284, 286 (Fla.App.1971), where *Hilton* is said to be "unsound." See *Johnson v. Buffalo School Dist. No. 1,* 360 Mo. 962, 231 S.W.2d 693, 697[5] (1950), holding that where plaintiff put certain questions in issue, plaintiff was estopped to say that such issue was not in the case.

*Beck,* supra; *Hutchinson v. Patterson,* 226 Mo. 174, 126 S.W. 403, 404–405 (1910); *Autenrieth v. Bartley,* 238 Mo.App. 55, 176 S.W.2d 546 (1943). The doctrine of res judicata applies, except in instances not applicable here, "not only to points and issues upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belongs to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Autenrieth,* supra, 176 S.W.2d at 549.

Bover seeks to avoid the res judicata effect of the judgment in Case No. 2196 by arguing that the instant action is one in ejectment and the issues here are "significantly different" from those involved in Case No. 2196. A similar argument was made and rejected in *Hutchinson v. Patterson,* 226 Mo. 174, 126 S.W. 403 (1910). There Hutchinson sued Patterson in ejectment with respect to certain land. Previously one Barry had brought a suit to quiet title against Patterson, Patterson prevailed and a judgment in favor of Patterson became final. The court held that the effect of the judgment in the Barry case "was to settle the title in favor of [Patterson] and it cannot now be litigated by Barry, or by one in privity of estate with him." The court held that Patterson had a right to introduce the record in the Barry case and that it would bar Hutchinson's action for ejectment if Hutchinson was shown to be in privity of estate with Barry, a showing which the trial court had improperly refused to permit.[2]

In *Autenrieth,* supra, plaintiff brought a suit to quiet title against defendants.

Judgment was in favor of the defendants and no appeal was taken. Thereafter plaintiff sued the same defendants seeking to establish a right to an easement over the same land. Plaintiff made no claim that matters arising after the first judgment were the basis for his claim to an easement. The plaintiff contended, unsuccessfully, that the judgment in the first action was no bar to the second action because in the first suit he sought to recover fee title while in the second suit he sought to recover only an easement over the same land. The court said that the record in the first action showed that the primary issue was "the title, interest and estate of whatever nature" of the parties in and to the disputed land and that the issue had been disposed of in the first action although the judgment therein did not specifically state that plaintiff did not have an easement.

■ Although Bover denominated her petition as "Ejectment to Try Boundary," it is clear from the contents of the document that this is not a mere effort to "fix an uncertain boundary line" where adjoining landowners have a dispute with respect to the location *on the ground* of the boundary between their respective lands. See the discussion of *Carroz v. Kaminiski,* 467 S.W.2d 871 (Mo. banc 1971) contained in *Moore v. Beck,* supra, 664 S.W.2d at 18[4]. Bover is attempting to obtain title to Tract B under the guise of redefining its boundary and, in so doing, is relitigating issues which were set at rest by the judgment in Case No. 2196.

■ Finally, Bover argues that the significance of Deed 3 could not have been

2. "... [I]t may therefore be laid down as a general rule that whatever the form or nature of the action, whenever title or ownership of property comes directly in issue and is litigated to a judgment, such judgment is conclusive upon the same issue whenever it arises in subsequent litigation between the same persons or their privies, even though the cause of action be different or although other or additional property or interests be also involved in the second action. This rule is as applicable to decrees in equity as to judgments at law. Thus a decree in chancery adjudicating title or right to posses-

sion is conclusive in a subsequent suit in ejectment, even in states where the common-law inconclusiveness of a judgment in ejectment still prevails. If an equitable title has been adversely determined in a suit to establish it, the adjudication is conclusive in subsequent litigation wherein the same title is relied upon." Freeman on Judgments, Fifth Edition, Vol. 2, § 855, p. 1809–1811.

"A rose by any other name ..."

litigated in Case No. 2196 because Deed 3 did not then exist. Fatal to this contention is the fact that the grantor in Deed 3 no longer had any title to convey with respect to Tract B. In Case No. 2196 the judgment upheld Deed 1. There is no claim in the instant petition, or in Bover's brief, that Nellie Wells, the grantor in Deed 3, obtained any title to Tract B by reason of any event or conveyance taking place after the date of the judgment in Case No. 2196.

The judgment is affirmed.

TITUS, P.J., and GREENE, J., concur.