IN RE ARBITRATION OF POPE CONSTRUCTION COMPANY v. STATE HIGHWAY COMMISSION, Appellant.—84 S. W. (2d) 920.

Division One, July 9, 1935.

*Louis V. Stigall* and *Wilkie B. Cunnyngham* for appellant.

*Lewis Hord Cook* and *Gilbert Lamb* for respondent.

FERGUSON, C.—This is an appeal from an order of the Circuit Court of Cole County vacating an award made in an arbitration between the Pope Construction Company and the State Highway Commission of Missouri. The Pope Company constructed certain sections of state highway in DeKalb and Andrew counties under a contract therefor with the State Highway Commission. Upon the completion of the work the Pope Company claimed the Highway Commission was indebted to it for various extra items aggregating $39,-903.61 which the Highway Commission denied. After some discussion and negotiation they entered into a written agreement to arbitrate the controversy. The agreement or submission specifies that the arbitration "shall be under and in accordance with Chapter 122, Revised Statutes 1929," relating to arbitration. In the submission each of the contracting parties appointed or named one arbitrator and agreed that the two arbitrators so named should "nominate and appoint a third arbitrator" which was done. The arbitrators took the oath prescribed by statute. Hearings were had and a report and award made. The arbitrators found that the Highway Commission "is indebted to the Pope Construction Company in the sum of $1,050.35" and made an award in favor of the Pope Company in that amount and assessed the costs. The submission designated the Circuit Court of Cole County as the court to which the award should be returned. Our statute, Section 14023, Revised Statutes 1929, provides that "the court designated in the submission shall, upon motion, by an order in open court, confirm the award unless the same be vacated or modified, . . . as herein provided." Pursuant to the designation made in the submission and the provisions of the statute the Highway Commission, due notice thereof having been given in conformity with Section 14024, Revised Statutes 1929, filed its motion in the Circuit Court of Cole County praying that court "to make an order confirming the award and enter judgment" accordingly. The report and award made by the arbitrators was attached to and filed with the motion. Thereupon the Pope Company filed a motion to vacate the award which was sustained by the court and the Highway Commission brings this appeal from the order made vacating the award.

The arbitration statute provides:

Section 14025: "Any party complaining of such award may move the court designated in the submission to vacate the same upon any

**32**

of the following grounds: First, that such award was procured by corruption, fraud or undue means; second, that there was evident partiality or corruption on the part of the arbitrators, or any one of them; third, that the arbitrators, were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear any evidence pertinent or material to the controversy, or any other misbehavior by which the rights of any party shall have been prejudiced; fourth, that the arbitrators exceeded their powers, or that they so imperfectly executed them that a mutual, final and definite award on the subject-matter was not made.''

Section 14026: ''Any party to such submission may also move the court designated therein to modify or correct such award in the following cases: First, where there is an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property referred to in such award; second, where the arbitrators shall have awarded upon some matter not submitted to them, nor affecting the merits of the decision of the matter submitted; third, where the award shall be imperfect in some matter of form, not affecting the merits of the controversy, and when, if it had been a verdict, such defect could have been amended or disregarded by the court.''

Section 14028: ''On such application the court may vacate the award in any of the cases hereinbefore specified, and if the time within which the award shall have been required to be made by the submission has not expired, may, in its discretion, direct a rehearing by the arbitrators; and in the cases hereinbefore specified, the court may modify and correct the award, so as to effect the intent thereof, and to promote justice between the parties.''

█ Since the statute, Section 14025, supra, specifies the only grounds on which the court has jurisdiction to vacate the award the complaining party is confined in the motion to vacate to the grounds so specified and the Pope Company alleged certain of these statutory grounds in their motion. From a reading of the foregoing sections of the statute it seems plain that the court is not authorized to examine or review the evidence or determine whether under the evidence the award is correct and that it cannot go into or adjudicate the merits of the controversy. Thus the sole question before the court, upon the motion to vacate, was whether the award for $1050.35 was vitiated by any of the conditions enumerated in the statute and therefore should be vacated; if not the court was required by Section 14023, supra, to confirm the award and enter judgment in conformity therewith. If the award is vacated no proceeding remains pending in the courts and the parties to the controversy are in the same position in reference thereto that they were before they entered into the arbitration pact. █ While Section 14028 provides that the court

"may, in its discretion, direct a rehearing by the arbitrators" yet the court will not direct a rehearing if the arbitrators have been guilty of misconduct and in general an award may be sent back only for such purposes as to allow the arbitrators to pass upon matters embraced in the submission but omitted from the award or to find separately upon the matters submitted where such finding is necessary but not for a rehearing upon the merits or because the court might be of the opinion that the award is against the weight of the evidence. As we have noted the court has no authority to weigh, consider or pass upon the evidence or the merits of the controversy.

█ The sole question, upon the motion to vacate, being whether the award shall stand or be vacated "the amount in dispute," or involved, is the amount of the award $1050.35 and therefore not such as gives us jurisdiction of the appeal on that ground. The State Highway Commission is not a "State officer" as that term is used in the provisions of our Constitution governing appeals. [State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S. W. (2d) 37; State ex rel. State Highway Commission v. Carroll (Mo.), 34 S. W. (2d) 74; Christeson v. State Highway Commission (Mo.), 40 S. W. (2d) 615; Wheat v. Platte City Ben. Assessment Special Road District, 330 Mo. 1245, 52 S. W. (2d) 856.] We do not find any of the essential prerequisites prescribed by the Constitution (Sec. 12, Art. 6) to confer jurisdiction upon this court. While neither party has questioned our jurisdiction it has been repeatedly and uniformly held that jurisdiction cannot be conferred upon this court by consent or acquiescence and that we will, *sua sponte*, raise and determine the question of our jurisdiction. As we do not have jurisdiction of the appeal the cause is transferred to the Kansas City Court of Appeals. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.