**Allen APPLEGATE, Petitioner,**

v.

**Honorable Edward J. DEVITT, United States District Judge for the District of Minnesota, Respondent.**

**No. 74–1710.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1974.

Decided Jan. 14, 1975.

Harvey E. Skaar, Minneapolis, Minn., for petitioner.

Charles Quaintance, Jr., Minneapolis, Minn., for respondent.

Before LAY and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

In this case the petitioner asks us to issue a writ of mandamus to Chief Judge Devitt of the district court for the District of Minnesota, requiring him to vacate a stay of proceedings in an action brought by Allen Applegate, the petitioner, against Interstate Steel Company, an Illinois corporation and a respondent herein.

The meager record before us discloses that Applegate served as a sales representative in Minnesota for Interstate's steel products until his agency contract was terminated on October 2, 1973, under circumstances giving rise to disputes between the parties. Interstate commenced an action against Applegate in the Circuit Court for Cook County (Chicago), Illinois, in November 1973, seeking damages and an injunction against his alleged use of its customer lists and trade secrets in his present business. It served Applegate with a summons and complaint on November 14, 1973. On December 26, 1973, Applegate filed a diversity action against Interstate in federal district court for the District of Minnesota for past due commissions in the sum of $40,000 and other relief. The district court, by order filed May 23, 1974, stayed, on motion of Interstate, Applegate's federal action pending final disposition of the Illinois state action. Applegate contemporaneously dismissed his action in federal court and commenced a new but virtually identical action for his commissions in Minnesota state court. Interstate promptly removed the state action to federal court under 28 U.S.C. § 1441(a). It then moved to stay proceedings on the basis of Judge Devitt's stay order issued on May 23, 1974, in the earlier action in federal court. Judge Devitt granted a stay of proceedings on September 16, 1974, and Applegate thereupon brought the instant application for a writ of mandamus.

At oral argument and by brief, counsel for Applegate charged that Interstate's Illinois counsel brought the action in Illinois in bad faith and after misrepresenting that Interstate desired to engage in settlement negotiations. An affidavit by Applegate's counsel, which stands unrebutted, recites that he (Applegate's counsel) first spoke with Interstate's Chicago

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

counsel on October 12, 1973, and that six days later Interstate's counsel indicated, by letter, interest in a settlement and advised him that "[y]ou will be hearing from me soon again shortly after Mr. Evans [apparently an official of Interstate] returns to the country." The affidavit goes on to recite that, without further word or explanation, Interstate filed the state action against Applegate in the Circuit Court for Cook County. Applegate's counsel, in the same affidavit, also questions the good faith of Interstate in bringing the state court action for an injunction against the alleged disclosure of its trade secrets by Applegate in view of its failure even to seek a temporary injunction. Additionally, Applegate's counsel asserts that cases in the Circuit Court of Cook County are delayed for at least three years before trial.

We note that such affidavit, although dated May 17, 1974, was not filed with the federal district court until September 17, 1974, and that the facts stated therein may not, therefore, have been considered by Judge Devitt at the hearing of May 20, 1974, on Interstate's initial motion for an order staying the federal court proceedings.

Also, at oral argument before us, Applegate's counsel stressed the great delay incident to obtaining any relief in the Illinois action. He asserted that if Applegate were to seek to present his claim for commissions as a permissive counterclaim in the Illinois action and were to demand a jury trial on the claim, the case would not be reached for trial for another five years.

Applegate and Interstate disagree on the effect which a judgment in the state action in Illinois will have upon the federal action. Applegate's counsel stated in oral argument that the two actions are sufficiently different that a judgment in the state action under the existing pleadings will not be *res judicata* with respect to the federal action. Interstate, relying upon Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421 (2d Cir. 1965), contends that all issues raised in the two actions could and should be tried in the state action and thereby implies that a judgment in the state action could prove *res judicata* with respect to the federal action. We will assume that the state and federal actions approach identity and will accept Interstate's counsel's characterization, during oral argument, of the federal action as "duplicitous" of the state action.

The precise question now presented—whether a district court may stay proceedings in an action pending the outcome of a similar or identical state court action filed before the federal action—has not been before this court in more than 70 years. In Barber Asphalt Paving Co. v. Morris, 132 F. 945 (8th Cir. 1904), this court granted mandamus relief to a petitioner whose federal court diversity action for damages for breach of contract had been stayed pending the outcome of proceedings in state court. The court stated:

> The reason for the rule that the pendency of an action in a state court is no bar and furnishes no ground for the abatement of another action for the same cause between citizens of different states in the federal court is that the latter court has concurrent jurisdiction of such controversies with the courts of the state, and that citizens of different states have the constitutional right to the independent opinion and judgment of the judges of the national courts upon the questions presented by their controversies at least until those questions have become res adjudicata by the judgments of other competent courts. [*Id.* at 951.]

*Cf.* Redditt v. Hale, 184 F.2d 443, 446 (8th Cir. 1950); Armour & Co. v. Miller, 91 F.2d 521, 524–527 (8th Cir. 1937). Some courts of appeals allow a federal district court the discretion to stay its proceedings in deference to a pending state court action. *See* Aetna State Bank v. Altheimer, 430 F.2d 750, 755–756 (7th Cir. 1970); Amdur v. Lizars, 372 F.2d 103, 106–107 (4th Cir. 1967). *Cf.* Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153

(1936) (stay of actions in one federal district court pending outcome of an action in another federal district court). Other federal appellate courts, however, express the view that a federal district court should not stay its hand in deference to a pending state court action except in exceptional circumstances where resort to state court serves an important interest in the orderly administration of justice. *See* Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820, 826–828 (9th Cir. 1963); Ermentrout v. Commonwealth Oil Co., 220 F.2d 527, 530 (5th Cir. 1955). *See generally* 7A C. Wright & A. Miller, Federal Practice & Procedure § 1838 (1972).

Given the unsettled status of the law on this subject and a record which indicates that not all relevant information has been presented to the district court, we believe it is appropriate to remand this case to the district court for consideration whether its stay order should now be modified.[1] On remand, the parties should have the opportunity to supplement the record concerning probable delay incident to litigating all issues between the parties in the Illinois action. The district court should determine, in considering whether to terminate the stay, whether Interstate practiced bad faith "stalling" tactics, as alleged by Applegate, by filing the state action. Fairness should be weighed in granting or denying a stay pending the outcome of a previously commenced state court action. Aetna State Bank v. Altheimer, *supra*, 430 F.2d at 756.[2]

Under the circumstances, as previously discussed, the district court should have the opportunity of reconsidering its stay order. We decline to issue any writ of mandamus at this time. *See* In re President and Fellows of Harvard College, 149 F.2d 69, 73 (1st Cir. 1945).

Accordingly, we remand this case to the district court so that petitioner-Applegate may request it to reconsider its stay order in the light of the factors outlined in this opinion. The petition for writ of mandamus is denied without prejudice to petitioner. No costs are assessed.

---

1. The district court's stay orders recite no reasons for a stay other than the existence of the pending action between the parties in Illinois.

2. In *Altheimer*, the court noted:

Conceivably state action could be quite unreasonably delayed or other factual situations not now anticipated might develop in the state litigation which would cause the district court on appropriate petition to desire to reactivate and to go forward with the pending but presently stayed action. [430 F.2d at 756.]