**Orville J. AUGUSTIN, Appellant,**

v.

**Rafig Ahmed MUGHAL, Appellee.**

**No. 75–1300.**

United States Court of Appeals, Eighth Circuit.

Sept. 3, 1975.

Donald L. Schlapprizzi, St. Louis, Mo., for appellant.

James E. Godfrey, St. Louis, Mo., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

## PER CURIAM.

This is an appeal from a district court order dismissing appellant's diversity complaint.

Appellant filed suit against appellee in district court on February 4, 1975, seeking damages for personal injuries sustained in an automobile collision involving three vehicles in St. Louis County, Missouri.

At the time the complaint was filed, appellant and appellee were co-defendants in a suit pending in St. Louis Circuit Court concerning the same collision. On February 28, 1975, appellee filed a motion to dismiss appellant's complaint, contending that since both parties were defendants in the pending state court action, appellant is relegated to a compulsory cross-claim in state court and is thereby foreclosed from pursuing his claim in federal court.

The district court sustained the motion and dismissed the complaint without prejudice.[1] This appeal followed.

The dismissal cannot be sustained on the theory that appellant's claim is compulsory and therefore must be asserted in the pending state proceeding. Under both federal and Missouri law it is clear that cross-claims are merely permissive rather than compulsory. *Fed.R.Civ.P.* 13; *V.A.M.R.* 55.32. Accordingly, a party to an action having a claim in the nature of a cross-claim has the option to pursue it in an independent action. *See General Insurance Co. of America v. Hercules Construction Co.,* 385 F.2d 13, 18–19 (8th Cir. 1967); *Page v. Hamilton,* 329 S.W.2d 758, 767 (Mo. 1959).

Under certain circumstances, counterclaims may be compulsory. However, it is clear that were appellant to assert his claim in the state action, it would properly be characterized as a cross-claim rather than a counterclaim under both federal and Missouri law. A cross-claim is one asserted against a co-party, whereas a counterclaim is brought against an opposing party. *Fed.R.Civ.P.* 13; *V.A.M.R.* 55.32. Co-parties are persons on the same side in the principal litigation. An opposing party is one who asserts a claim against the prospective counterclaimant in the first instance. *See Stahl v. Ohio River Co.,* 424 F.2d 52 (3rd Cir. 1970); *First National Bank v. Johnson County National Bank,* 331 F.2d 325 (10th Cir. 1964). Therefore, neither federal nor Missouri rules of procedure require appellant to prosecute his cause of action in the pending state proceeding.

Despite the fact that the district court thus had proper jurisdiction to consider appellant's claim, it must further be considered whether the court could properly refrain from exercising its jurisdiction under the abstention doctrine. We conclude that it could not.

The abstention doctrine, under which a district court may decline to exercise its jurisdiction, is an extraordinary and narrow exception to the court's duty

---

1. The record indicates that the dismissal was summary in form and did not set out the basis for the dismissal.

to adjudicate a controversy properly before it which may be invoked only in exceptional circumstances. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–89, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). The only apparent justification for abstention in the instant case is the avoidance of duplicitous litigation. Although the motives of the district court in dismissing the action on such grounds are certainly praiseworthy, the weight of authority indicates that this is an insufficient basis for abstention.

We have held that the fact that a diversity claim could be litigated in a pending state proceeding filed subsequent to institution of the federal suit does not justify dismissal on grounds of abstention. *Lynch v. Porter,* 446 F.2d 225 (8th Cir. 1971). Similarly, other circuits have overturned dismissal orders predicated on a finding that the claims asserted could be raised in related state court proceedings pending at the time the federal suits were filed. *Ungar v. Mandell,* 471 F.2d 1163 (2d Cir. 1972); *Liberty Mutual Insurance Co. v. Pennsylvania R.R. Co.,* 322 F.2d 963 (7th Cir. 1963).

■ Some circuits have sanctioned partial abstention in the form of a stay where a similar or identical action is pending in state court. *See, e. g., Aetna State Bank v. Altheimer,* 430 F.2d 750, 755–56 (7th Cir. 1970). *But see Mach-Tronics, Inc. v. Zirpoli,* 316 F.2d 820, 826–28 (9th Cir. 1963). However, we have recently questioned the propriety of even that course of action, particularly where the record fails to indicate the delay, if any, which might result from relegating the parties to state court in the first instance and the fairness to the parties of granting a stay. *See Applegate v. Devitt,* 509 F.2d 106 (8th Cir. 1975). In the instant case the record is silent as to whether deferral to the state court will substantially delay the final adjudication of appellant's cause of action. Moreover, since the pending state action concerns a claim by a third party against both appellant and appellee as defendants, the similarity of the issues involved in both cases is not entirely clear. Therefore, we hold that on the present state of the record dismissal without prejudice was improper.

■ We also note that for the reasons just expressed the record does not clearly indicate that the state court would provide a substantially more convenient forum for the adjudication of appellant's claim. Accordingly, the dismissal cannot be upheld on grounds of *forum non conveniens* since the weight traditionally afforded plaintiff's choice of forum has not been overcome. *See generally J. F. Pritchard and Co. v. Dow Chemical of Canada, Ltd.,* 462 F.2d 998 (8th Cir. 1972).

Accordingly, the order of the district court dismissing appellant's complaint is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.