STIX AND CO., INC.,
Plaintiff-Appellant,

v.

Robert E. SCHOOR,
Defendant-Respondent.

No. 39968.

Missouri Court of Appeals,
Eastern District,
District Three.

March 13, 1979.

Theodore D. Ponfil, Bruce M. Wurmser, Blumenfeld, Kalishman, Marx, Tureen & Paster, Clayton, for plaintiff-appellant.

Bruce P. Robert, Clayton, for defendant-respondent.

REINHARD, Presiding Judge.

Plaintiff, Stix and Company, Inc., a Missouri corporation engaged in the securities industry, appeals from an order of the circuit court of the City of St. Louis affirming an arbitration award in favor of defendant, Robert E. Schoor.

As part of a total merger agreement, pursuant to which the brokerage firm of Rosenthal, Schoor, Ruppert and Sauer, Inc. (RSRS) was merged into plaintiff Stix and Co., defendant Robert Schoor, a principal and shareholder in RSRS, entered into an employment agreement with plaintiff. Under the terms of the employment agreement, plaintiff agreed to employ defendant as a registered representative and vice-president. The agreement further provided that Stix would pay defendant the difference between $40,000 and the amount defendant would receive in the redemption of his stock and subordinated debentures in RSRS, payment to be made after closing. According to defendant, after closing this difference amounted to $11,872.32; according to plaintiff, the proper figure was $11,495.20. The parties considered this payment to be defendant's commission bonus account.

To insure recovery by Stix and Co. of the amount it was to pay pursuant to the bonus agreement, the parties also agreed that Schoor would place in escrow $25,000 in stock. Stix then promised to credit against the $11,872.32 (or $11,495.20) bonus a figure equalling 25% of the gross commissions generated by defendant through his own efforts or the efforts of any broker hired by Stix upon defendant's recommendation. When the credits equalled the amount of the bonus the stock was to be released.

After the reduction of the bonus account to zero, defendant requested the bonus amount allegedly owed him, but due to disagreements between the parties, Stix did not pay. On May 7, 1974, when defendant and plaintiff ended their employment relationship, defendant again requested the money and plaintiff again refused to pay, claiming entitlement to various set-offs and counterclaims.

On August 9, 1977, the parties agreed to submit their dispute to arbitration, in accordance with the provisions contained in the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc. (NASD), of which plaintiff was a member. In their submission agreement the parties expressly submitted to arbitration " . . . the present matter and controversy and each of the matters set forth in the annexed statement of the parties hereto, . . . whether such be denominated as claims, answers, defenses and/or counterclaims as such relate to and are embodied in this Submission Agreement." The parties separately filed their respective portions of the submission in which they stated their positions as to the disputed issues being submitted to the arbitrators.

In his claim presented to the arbitration panel, defendant alleged his entitlement to $11,872.32 under the "bonus account" agreed upon between the parties. Plaintiff's response petition as submitted to the arbitrators comprised three assertions. The first admitted a bonus account held for Mr. Schoor, but in the amount of $11,495.20 rather than $11,872.32. Plaintiff's second assertion generated the issue of whether plaintiff could deduct from defendant's bonus account a figure representing a loss incurred by plaintiff from the purchase and sale of R. B. Jones and Company stock at defendant's instigation. The claim based on this transaction amounted to $2,467.19. As its final issue submitted to the Board for resolution, plaintiff asked the Board to decide whether it might withhold payment of defendant's bonus until the resolution of a pending lawsuit concerning a transaction in Arboreal stock, which might result in defendant's further liability to plaintiff. This last contention allegedly involved a potential liability of $25,000 or more.

After a hearing on the issues submitted, the panel of arbitrators issued its decision, dated May 16, 1975. The decision read in part:

And, having heard and considered the proofs of the parties [we] have decided and determined that in full and final settlement of the above-captioned matter we hereby award claimant the sum of Eleven Thousand Four Hundred Ninety-Five Dollars and Twenty Cents ($11,495.20), by virtue of the provisions in the bonus agreement contained in claimant's employment contract with the respon-

dent. We expressly have not decided or reached any other questions respecting claimant's employment with the respondent and, accordingly, leave the parties without prejudice to pursue any other rights, actions or proceedings arising out of or in connection with such employment.

Plaintiff filed a petition for review by the circuit court in equity alleging that the award was defective because it failed to rule on all the issues submitted to it, and therefore was not a mutual, final and definite award as required by law. After a hearing the circuit court issued a judgment affirming the award which stated that the arbitration panel had considered all the issues presented to it and that the panel's decision was "a definite, final and complete decision on the merits with regard to all matters duly submitted for their consideration by the parties." Plaintiff then brought this appeal.

As its sole point on appeal, plaintiff finds error in the trial court's affirmance of the award, contending that the arbitrators failed to determine all the matters submitted to them and that therefore the award was not a final and definite award on the subject matter submitted to them.

A general rule relating to arbitration awards requires that arbitrators consider and rule on all issues properly submitted to them. Under the same general requirement, an award which is not full and final on all issues submitted is invalid. This finality should be. such as to preclude the necessity of subsequent litigation on those issues covered. *Pitman v. Irby,* 181 S.W. 590 (Mo.App.1916). See § 435.100 RSMo 1969. See also the cases collected at 36 A.L.R.3d 649. An award which fails to meet these well-recognized principles should be vacated on review. After careful and repeated readings of the decision of the arbitrators, we conclude that the award was not a final decision as to all issues submitted.

The submission agreement presented the arbitrators with three issues:

the proper amount owed defendant from his bonus account; plaintiff's right to deduct from defendant's account money allegedly owed as a result of the R. B. Jones stock transaction; and the alleged right of plaintiff to withhold any payment to defendant until resolution of a pending suit involving potential liability of defendant to plaintiff. The decision of the arbitrators expressly awarded defendant $11,495.20 "by virtue of the provisions in the bonus agreement contained in claimant's employment contract with the respondent."

In interpreting the language of the award, we recognize that arbitrations are favored by the courts and that in this light, every reasonable intendment is indulged in favor of an arbitration award. However, it must not be forgotten that the approval given these awards is based on the recognized objective of obtaining such a settlement as will put an end to the dispute and conclude the matters submitted. *Masonic Temple Association of St. Louis v. Farrar,* 422 S.W.2d 95, 107, 109 (Mo.App.1967). Giving the award every reasonable intendment, defendant would have us conclude that in awarding $11,495.20 to defendant, the arbitrators impliedly decided against plaintiff's claim as to the R. B. Jones stock and against the plaintiff's claim of right to withhold payment pending resolution of the Arboreal stock matter.

However, we can only interpret the award as an express statement that the arbitrators had considered only the bonus account and at best had not decided the R. B. Jones stock issue. We can see no other reasonable intendment or purpose in the arbitrators' statement that "[w]e expressly have not decided or reached any other questions respecting claimant's employment with the respondent and, accordingly, leave the parties without prejudice to pursue any other rights, actions or proceedings arising out of or in connection with such employment." Rather than concluding and binding the parties on all issues submitted, the award seems to refer some issues to the courts. This is not the purpose of arbitration. No reasons exist to interpret this final statement as referring to claims not

submitted to the arbitrators. Nor would we want to hold that this award precludes plaintiff from seeking recovery from defendant on the R. B. Jones stock claim, which would be the effect of affirming this award.

Because the award failed to dispose of all issues properly submitted, we hereby reverse and remand to the circuit court with directions to vacate the award and order the matter resubmitted to arbitration for resolution of the undecided issues. *Pope Const. Co. v. State Highway Commission,* 337 Mo. 30, 84 S.W.2d 920, 921 (Mo.1935); *LaVale Plaza, Inc. v. R. S. Noonan, Inc.,* 378 F.2d 569, 573 (3rd Cir. 1967). Reversed and remanded.

GUNN and CRIST, JJ., concur.