R. JACOBS, Plaintiff-Appellant,

v.

Marilyn CORLEY,
Defendant-Respondent.

No. 51393.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 21, 1987.

Rehearing Denied July 21, 1987.

R. Jacobs, Clayton, for plaintiff-appellant.

Frank William Kriegel, Clayton, for defendant-respondent.

SIMON, Judge.

Plaintiff, R. Jacobs, appeals from an order entered in the Circuit Court of St. Louis County sustaining defendant's, Marilyn Corley, motion to dismiss Jacobs' petition for breach of contingent attorney fee contract and fraud. Even though the trial court dismissed the action without prejudice for failure to state a claim upon which relief can be granted, the dismissal, nonetheless, serves as a final and appealable judgment. *Hasemeier v. Smith,* 361 S.W.2d 697, 699 (Mo. banc 1962).

This is the second action involving these parties. The initial action was an interpleader in which these parties cross claimed against each other. In that action Dean Witter Reynolds, Inc. filed an interpleader to determine whether Jacobs or Corley was entitled to the cash portion of a settlement between Dean Witter Reynolds, Inc. (Dean Witter) and Corley. Jacobs represented Corley as her attorney and claimed a portion of the settlement for his attorney fees.

Before the interpleader was filed, Jacobs and Corley had agreed to arbitration in order to settle the fee dispute. Pursuant to the arbitration, Jacobs was awarded $10,172.28. Corley refused to pay this amount and offered Jacobs $5,030.68. Both Jacobs and Corley refused to allow Dean Witter to disburse a portion of the settlement including the disputed claim. Thus followed the interpleader suit by Dean Witter in which numerous cross claims were filed between Jacobs and Corley. Jacobs' cross claim was set forth in three counts: Count I requested the confirmation of the arbitration award; Count II alleged prima facie tort for Corley's refusal to release any funds due him and his lost interest; Count III alleged abuse of process for Corley's failure to abide by the arbitration agreement after the award. Corley's cross claim also set forth three counts: Count I requested that the arbitration award be set aside because the award was allegedly procured by fraud and corruption, and because the arbitrators exceeded their powers, and because the arbitrators refused to hear evidence material to the controversy. § 435.405 RSMo (Supp. 1980) (all further references shall be to RSMo 1980, unless otherwise provided); Count II sought damages for conversion of brokerage account records; Count III alleged prima facie tort for Jacobs' refusal to release funds held by Dean Witter to Corley.

Subsequent to a hearing, the trial court found for Corley on Counts I and II of Corley's cross claim. It set aside the arbitration award on Count I and awarded nominal damages on Count II. The trial court, however, did not designate the reason for vacating the arbitration award. As to Count III of Corley's cross claim, the trial court found for Jacobs. On Counts I, II and III of Jacobs' cross claim, the trial court found for Corley and against Jacobs. Jacobs appealed, and we dismissed for failure to provide a complete transcript. *See Dean Witter Reynolds, Inc. v. Corley and Jacobs,* 699 S.W.2d 21 (Mo.App.1985), for a more complete statement of the facts giving rise to this action.

Subsequent to the dismissal of his first appeal, Jacobs instituted a new action against Corley alleging breach of contract in Count I and fraud in Count II. The subject matter of Jacobs' new action is the same contingent attorney fee contract, forming the basis of the interpleader action. Corley filed a motion to dismiss claiming the issues of fact and law were previously litigated. She alleged that even if new issues are presented by his petition,

Jacobs is precluded under Rule 55.32 from litigating them in a separate action, in that, he failed to raise them in response to Corley's cross claim in the previous Dean Witter action. The trial court sustained Corley's motion to dismiss without prejudice, but did not make any findings or conclusions.

On appeal, Jacobs contends that the trial court erred in dismissing his cause of action because: (1) he is entitled to file an original suit on a final arbitration or request a new arbitration when an arbitration award is vacated; (2) a binding, nonappealable arbitration award permitted him to rely on its efficacy without asserting existing causes of action until such award was vacated; (3) the issues of fact and law have not been previously litigated. We reverse and remand.

In support of his points, Jacobs contends that § 435.405 entitles him to file a new action on claims existing at the time of arbitration following the vacation of the arbitration award.

Section 435.405 RSMo (1980) provides in pertinent part:

1. Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection;

but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

In addition, subsection 3 of § 435.405 provides in pertinent part:

3. In vacating the award on grounds other than stated in subdivision (5) of subsection 1 of this section the court may order a rehearing before new arbitrators chosen as provided in the agreement, or in the absence thereof, by the court in accordance with section 435.360, or if the award is vacated on grounds set forth in subdivisions (3) and (4) of subsection 1 of this section the court may order a rehearing before the arbitrators who made the award or their successors appointed in accordance with section 435.360. ...

Since the trial court in the first action did not make any specific findings and/or conclusions, we are not advised of the ground or grounds on which the award was vacated. In any event, our Supreme Court in *Pope Construction Co. v. State Highway Commission*, 337 Mo. 30, 84 S.W.2d 920 (1935), had occasion to construe the predecessor of § 435.405, the relevant provisions of which are substantially identical. In *Pope*, the court held that if an arbitration award is vacated then "the parties to the controversy are in the same position they were in before they entered into the arbitration pact." *Id.* at 921. *Pope*, however, is somewhat distinguishable because cross claims were not filed therein. *Pope* only concerned a vacated arbitration award. Here, Jacobs and Corley advanced cross claims against each other in the interpleader action. The trial court heard the cross claims and entered judgment thereon. The mere setting aside of the arbitration award does not place the parties here "in the same position they were in before they entered into the arbitration pact." The principles of res judicata and collateral estoppel operate to forever bar relitigation of the cross claims and issues disposed of.

Here, Corley argues that Jacobs is attempting to relitigate those cross claims and issues previously litigated in the inter-

pleader action. Corley claims that "the issues, subject matter, and transactions sought to be litigated by [Jacobs] in his present petition are identical to the same issues, subject matter, and transactions involved in the earlier case." Corley concludes that Jacobs is precluded from relitigating the same issues and facts by the doctrines of res judicata and collateral estoppel.

 Traditionally, res judicata precludes the same parties from relitigating the same claim (claim preclusion), whereas collateral estoppel precludes the same parties from relitigating issues which have been previously adjudicated (issue preclusion). *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979). Missouri courts hold that four concurring elements must be present to support res judicata: (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the parties to the cause of action; and (4) the identity of the quality or capacity of the person for or against whom a claim is made. *See Eugene Alper Construction Co., Inc. v. Joe Garavelli's*, 655 S.W.2d 132, 136 (Mo.App.1983), and cases cited therein. As to collateral estoppel, the court in reviewing its applicability should consider: (1) whether the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Oates*, 583 S.W.2d at 719.

 We conclude that neither res judicata nor collateral estoppel precludes Jacobs from proceeding with the instant action. Res judicata fails because of the lack of the identity of the claims. Jacobs' claims in the first action pertain to affirming the arbitration award, an alleged intentional tort for refusing to allow the disbursement of funds, and an alleged abuse of process for failure to abide by the arbitration award. It is apparent that none of these claims are involved in the present action. Here, Jacobs' claims involve Corley's breach of the attorney fee contract and Corley's misrepresentation of the amount of a settlement offered by Dean Witter. It is true that the underlying subject matter in both actions centers on the Jacobs attorney fees contract. However, no claim in the second action has been litigated in the first. Indeed, none of the claims in the first action required proof of any element of Jacobs' claims in the second action. Moreover, Jacobs was haled into court by Dean Witter, having already obtained an arbitration award. Under § 435.405 Corley sought to have the award vacated, while Jacobs sought to have it upheld. An action to vacate an arbitration award does not involve the litigation of the merits of the subject matter or claim underlying the arbitration. Rather, the evidence only involves the five statutory factors set forth in § 435.405 to determine whether or not the award should be vacated.

 Collateral estoppel also does not apply. The issues decided in the prior adjudication are not identical or even substantially similar. It is true that the existence of the attorney fee contract was alleged in the prior adjudication, but the pleadings are silent as to allegations of breach of the contract by Corley. Jacobs' allegation of fraud on the part of Corley is also absent from the pleadings. These issues were not adjudicated in the Dean Witter case.

Nevertheless, Corley argues that Jacobs was required by Rule 55.32(a) to raise his present claims in the first case because "[t]hey were in fact in that earlier action opposing parties." Rule 55.32(a) provides in pertinent part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties whom the court cannot acquire jurisdiction.

Jacobs maintains that he did not have an obligation to raise his present claims in the earlier action because they constitute permissive cross claims under Rule 55.32(f). Rule 55.32(f) provides:

A pleading may state as a cross claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross claim may include a claim that the party against whom it is asserted is or may be liable to the cross claimant for all or part of a claim asserted in the action against the cross claimant.

■ A cross claim is one asserted against a co-party, whereas a counterclaim is brought against an opposing party. Rule 55.32(a), (f). Co-parties are persons on the same side (i.e. all plaintiffs or all defendants) of the principal litigation. An opposing party is one who asserts a claim against the prospective counterclaimant in the first instance. *See Augustin v. Mughal,* 521 F.2d 1215, 1216 (8th Cir.1975). Here, it is clear that Jacobs and Corley were co-parties (defendants) in the initial action. Corley asserts that she and Jacobs were opposing parties because they were in the adversary positions respecting their cross claims in the prior action. However, co-defendants' interests may well be adverse, as in the case of joint-tortfeasors, but that does not serve to transform them from co-parties into opposing parties under Rule 55.32(a) governing counterclaims. *See Brown v. Harrison,* 637 S.W.2d 145, 147–48 (Mo. App. 1982).

As a co-party, Jacobs was entitled to file any cross claims against Corley, arising out of the transaction or occurrence of the interpleader action. *Tillman v. Deese,* 488 S.W.2d 206, 210–11 (Mo.App.1972). It is clear that such cross claims are merely permissive rather than compulsory. *See Brown,* 637 S.W.2d at 148; *Augustin,* 521 F.2d at 1216.

In examining the federal counterpart to Rule 55.32(f), the language of which is identical to the Missouri rule, we find that it has been held that a party who does not to bring a cross claim will not be barred by res judicata, waiver, or estoppel from asserting it in a later action, as he would if the claim were a compulsory counterclaim. Fed.R.Civ.P. 13(g). *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1431, at 164–65 (1971); *Peterson v. Watt,* 666 F.2d 361, 363 (9th Cir.1982); *Augustin,* 521 F.2d at 1216. Thus, we conclude that Jacobs had no duty to raise his present claims against Corley in the prior action because they were merely permissive cross claims.

Therefore, pursuant to § 435.405 and the principles of *Pope,* Jacobs is not barred from proceeding with his action for breach of contract and fraud.

Reversed and remanded.

STEPHAN, P.J., concurs.

CARL R. GAERTNER, J., dissents.

CARL R. GAERTNER, Presiding Judge, dissenting.

I respectfully dissent. The protracted litigation between plaintiff and defendant involves a single claim, viz. plaintiff's claim against defendant for an attorney's fee. In the original interpleader action plaintiff asserted that claim by seeking approval of the arbitration award. The trial court denied his claim for an attorney's fee and vacated the award. Plaintiff's appeal from that judgment was dismissed because of his personal alteration of the transcript after it had been approved by the trial court and his omission from the record on appeal of the crucial testimony of three witnesses. *Dean Witter Reynolds, Inc. v. Corley,* 699 S.W.2d 21 (Mo.App.1985). Upon dismissal of his appeal, the judgment of the trial court that he was not entitled to an attorney's fee became final. Now he seeks to assert his claim to the same attorney's fee by alleging breach of contract and fraud. Regardless of the number of variant theories by which he may seek to recover, plaintiff has but a single claim against the defendant. This claim for attorney's fees is barred by the principle of res judicata.

In *Dreckshage v. Community Federal Savings & Loan Ass'n*, 641 S.W.2d 831, 833–34 (Mo.App.1982) and again in *Burke v. Doerflinger*, 663 S.W.2d 405, 408 (Mo. App.1983) this court expressed its approval of the rule set forth in the Restatement of Judgments, 2d, § 24:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Section 25 of the Restatement provides:

> The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
>
> "(1) to present evidence or grounds or theories of the case not presented in the first action, or
>
> (2) to seek remedies or forms of relief not demanded in the first action."

Particularly apropos to the instant case is Comment D of § 25 of the Restatement:

> Having been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions, and accordingly the second action should be held barred.

I am constrained to disagree with the conclusion of the majority that an action seeking recovery of an attorney's fee pursuant to an arbitration award is a different claim than that asserted in an action seeking recovery of an attorney's fee based upon breach of contract or fraud.

The question of whether the interpleader court correctly followed the directives of § 435.405, RSMo. 1986, is not before us in this case. Whatever complaint plaintiff may have had regarding the decision in the interpleader case vanished when he altered the transcript and filed an incomplete record on appeal from the judgment entered therein.[1]

I find the discussion of Rule 55.32(f) equally irrelevant. If the effect of denominating parties as co-defendants in an interpleader action is to relieve them of the strictures of res judicata, then a rule of procedure has the effect of changing substantive rights in violation of Article V, § 5 of the Missouri Constitution. A jury's determination of issues fully litigated between co-defendants is conclusive of those issues in a separate trial between the two defendants. *See Hudson v. Carr*, 668 S.W.2d 68 (Mo. banc 1984). Although Rule 55.32(f) permits co-defendants to file separate actions against each other, they do so at the risk of being preclusively bound by the adjudication of issues fully litigated in the earlier action. Plaintiff's claim against defendant for an attorney's fee was determined adversely to him in the interpleader action and that determination is final. The doctrine of res judicata applies not only to those points actually raised, but also to " 'every point which properly belongs to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' " *Moore v. Beck*, 664 S.W.2d 15, 18 (Mo.App. 1984) (quoting *Autenrieth v. Bartley*, 238 Mo.App. 55, 176 S.W.2d 546, 549 (1943)).

**1.** I would also question the applicability of *Pope Construction Co. v. State Highway Comm'n*, 337 Mo. 30, 84 S.W.2d 920 (1935), the case relied upon by the majority. The language from that opinion quoted by the majority is pure dicta, the appeal having been dismissed by the Supreme Court on jurisdictional grounds. Moreover, the concept expressed by the quoted language is of doubtful validity since the adoption by the Missouri Legislature in 1980 of the Uniform Arbitration Act, and particularly § 435.350, rendering an agreement to arbitrate irrevocable.