CITY OF MALDEN, Appellant,

v.

ESSEX CONTRACTING, INC., Respondent.

No. 53813.

Missouri Court of Appeals, Eastern District, Division Four.

April 5, 1988.

King E. Sidwell, Sikeston, for appellant.

Dana A. Hockensmith, Weier–Hockensmith & Sherby, Hillsboro, for respondent.

CRANDALL, Judge.

Appellant, City of Malden (City), appeals from the judgment of the trial court affirming the decision of the arbitration panel in a contract dispute in favor of respondent, Essex Contracting, Inc. (Contractor). We affirm.

City entered into a contract with Contractor to install sewer lines and pump stations for a new wastewater treatment system. The dispute between the parties arose when it became impracticable for Contractor to perform the "dewatering" of the installation sites as specified in the contract. Contractor sought release from its contract obligations in a previous arbitra-

tion proceeding, which is not the subject of this appeal.

In that first proceeding, the arbitrator found that City had breached the construction contract by not allowing Contractor to use an alternate method of dewatering and had effected a "termination for convenience" [1] under the contract. The arbitrator instructed the parties to follow certain procedures to reimburse Contractor for expenses incurred in performing the contract until termination.[2] That decision of the arbitrator was affirmed in the Circuit Court and was not appealed.

When the parties failed to reach an agreement on the amount of reimbursement, Contractor brought a second arbitration proceeding. The arbitration panel awarded money damages plus interest to Contractor. City appealed that decision to the Circuit Court. The Circuit Court affirmed and City appeals from that judgment.

In its first point, City asserts that there was a merger of the second arbitration award into the first, with the result that the second arbitration proceeding was barred.

A general rule relating to arbitration awards requires that arbitrators consider and rule on all issues properly submitted to them. *Stix and Co., Inc. v. Schoor*, 579 S.W.2d 160, 162 (Mo.App.1979). In the first proceeding, the arbitrator resolved the issue presented by the Contractor and granted the relief sought by Contractor—a release from its contract obligations because of the "unexpected dewatering."

City's argument that the issue of damages also should have been raised and resolved in the first proceeding is without merit. An award of damages in the first arbitration proceeding would have been premature. Until the arbitrator determined, as he did in the first proceeding, that City had effected a termination for

---

1. Section 6(a) of the contract provides that the owner (City) could terminate the contract whenever it determined that it was in its own best interest to do so.

2. Section 6(c) of the contract permits the contractor to submit a "termination claim" for "the amount, if any, due to the contractor because of the termination."

convenience, Contractor could not submit its "termination claim" under Section 6 of the construction contract. That section of the contract delineates the requisite procedures which Contractor must follow to recover its damages for termination. An award of money damages was simply not within the scope of the first arbitration proceeding. City's first point is denied.

In its second point, City alleges that, because Contractor pursued a rescission action in the first arbitration proceeding, Contractor was barred, by the doctrine of election of remedies, from bringing a subsequent damage action for breach of contract. *See, e.g., Clayton Brokerage Co. of St. Louis v. Pilla,* 632 S.W.2d 300, 305 (Mo.App.1982).

We disagree. Contractor's seeking a release from the contract through arbitration is not a rescission action, but is a proceeding which complies with the rights and procedures expressly provided by the contract. As the trial court noted, "[E]ach arbitration proceeding dealt with separate, distinct issues under the contract." The finding in the first arbitration proceeding that City breached the contract was never appealed and therefore became the law of the case. *See, e.g., Moreland v. State Farm Fire and Casualty Co.,* 662 S.W.2d 556, 567–568 (Mo.App.1983). In the second proceeding, Contractor merely sought termination damages pursuant to the contract for work done and expenses incurred up to the time of termination. City's second point is denied.

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.