State ex rel. Abigail SCOTT, et al., Plaintiffs/Appellants,

v.

STATE FARM FIRE & CASUALTY COMPANY, Defendant/Respondent.

No. 71243.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 24, 1997.

David L. Campbell, St. Louis, for plaintiffs/appellants.

David D. Crane, Clayton, Gerald L. Meyr, Jefferson City, for defendant/respondent.

RHODES RUSSELL, Presiding Judge.

The wife and daughter (collectively "family") of Wilmot Scott ("protectee") appeal from the trial court's order and judgment dismissing a petition against State Farm Fire & Casualty Company ("surety") on the bond issued to the former conservator of protectee's estate. We find Michael Flynn's ("conservator") seizure of a money market account held by wife and protectee, as tenants by the entirety, was not a compulsory counterclaim that should have been filed in a pending interpleader action. The trial court's dismissal was proper, however, in that there was no final determination that the money market account was not an asset of protectee's estate, nor was there evidence of conservator's refusal to make restitution. In addition, the trial court properly dismissed family's remaining claims. Family lacked standing to assert those claims on behalf of protectee's estate. We affirm.

The parties have appealed issues in this matter to our court on four previous occasions. In *Scott v. Scott*,[1] 882 S.W.2d 295 (Mo.App.1994), the appointment of conservator was held void for absence of service on protectee. The conservator, however, had previously withdrawn $94,603.32 from a money market account held jointly by protectee

---

1. Hereinafter referred to as *Scott I*.

and his wife and deposited it into protectee's estate. On January 11, 1994, approximately one month after conservator removed the funds from the money market account, protectee died.[2] In *Scott v. Flynn*,[3] 946 S.W.2d 248, 252–52 (Mo.App. E.D. 1997), our court found that the money market account was held by protectee and wife as tenants by the entirety.

Following his removal, conservator filed an interpleader action in the Circuit Court of St. Louis County seeking to determine who was entitled to the funds withdrawn from the money market account. In the interpleader action, conservator interpleaded family, surety, and the estate of protectee.

Family brought this suit against the insurance company as the surety on the bond issued to conservator. In their petition, family alleged that conservator knew or should have known that his appointment was a nullity, that he breached statutory duties under § 475.130 RSMo 1994[4], and breached fiduciary duties with respect to protectee's property. Specifically, family alleged that conservator breached these duties by: failing to take possession of all of protectee's property; failing to collect all debts due to protectee; failing to file a timely and proper inventory of protectee's property; not accounting for all of protectee's property coming into conservator's possession; not obtaining proper authorization for the expenditure of funds; retaining stock of a closely held corporation; engaging in frivolous litigation; and, improperly seizing property owned by protectee and wife as tenants by the entirety in violation of § 475.322. Family recited in their petition that they brought "this action individually and as interested parties in protectee's estate and for and on behalf of the estate of the protectee."

Surety filed a motion to dismiss containing several grounds, as follows: 1) The petition fails to state a claim upon which relief can be granted; 2) the family's petition is a compulsory counterclaim to the interpleader action pending; and, 3) family cannot raise claims on behalf of protectee because conservator had no fiduciary or statutory duties toward family. Surety's motion to dismiss was sustained by the trial court. The trial court dismissed family's claim that conservator improperly took money held in tenancy by entirety because, in the trial court's opinion, the claim was a compulsory counterclaim to the interpleader action. As to the remainder of family's allegations, the trial court dismissed these claims for a lack of standing, holding that family's claims could only be asserted by protectee's decedent estate acting through his personal representative. This appeal follows.

In their sole point, family argues that the trial court erred in granting surety's motion to dismiss their claim for conservator's alleged conversion of the money market account in that the claim was not a compulsory counterclaim to the interpleader action, but at most, was a cross-claim. Further, family contends that the trial court erred in dismissing their remaining claims in that they had standing to assert those claims against insurance company as the surety for conservator.

On review, we give the petition its broadest intendment, treat all factual allegations as true, construe all allegations liberally and in the plaintiff's favor, and then we determine if there is any ground upon which the plaintiff may be entitled to relief. *Frison v. City of Pagedale*, 897 S.W.2d 129, 132 (Mo. App.1995).

Family cites *Jacobs v. Corley*, 732 S.W.2d 910 (Mo.App.1987), for the proposition that their claim that conservator improperly seized the money market account was not a compulsory counterclaim to the interpleader action. In *Jacobs*, a company filed an interpleader action to determine who was entitled to a cash portion of a settlement. Two potential claimants were named as co-defendants in the interpleader action. Both claimants filed numerous cross claims against each other. One claimant later filed a subsequent suit against the other claimant. In response, the other claimant filed a motion to dismiss

---

**2.** *Scott I, 882 S.W.2d at 296 n. 1.* A decedent's estate was later opened and a personal representative was appointed by the court.

**3.** Hereinafter referred to as *Scott IV*.

**4.** All citations are to the 1994 Revised Statutes of Missouri unless otherwise indicated.

contending that claimant was precluded under Rule 55.32 from litigating the issues in a separate action because the claimant failed to raise them in the previous interpleader action. The trial court granted the motion to dismiss. *Id.* at 911–12. On appeal, our court reversed the trial court holding that the claims filed by the co-defendants in the previous interpleader action were permissive cross-claims, despite the claimant's contention that the claims in the interpleader action were compulsory counterclaims and failure to raise them there precluded raising them in the current action. *Id.* at 914.

■ Here, as in *Jacobs,* it is evident that family and surety were co-parties in the interpleader action filed by conservator. Both parties were co-defendants. As succinctly stated in *Jacobs,* a counterclaim is brought against an opposing party. *Id.* Since family and surety were not opposing parties in the interpleader action, the trial court erred in dismissing family's claim that conservator improperly took money held in tenancy by the entirety on the basis that the claim was a compulsory counterclaim to the interpleader action. Although surety argues that *Scott IV* should apply here, that case is distinguishable. In *Scott IV,* our court affirmed the trial court's dismissal of family's claim of conversion against conservator as a compulsory counterclaim. Op. ——. However, in *Scott IV,* unlike the situation here, conservator and family were opposing parties in the interpleader action.

We find, however, other grounds on which to affirm the trial court's dismissal. On appeal, an appellate court may sustain the action of the trial court upon any ground which supports defendant's motion to dismiss, whether or not the trial court relied upon that ground. If the trial court correctly dismissed the petition, the ground upon which the dismissal was based is immaterial. *J.M. Morris Constr. Co. v. Mid–West Precote Co.,* 613 S.W.2d 180, 181 (Mo.App.1981); *See also, Farm Bureau Town & Country Ins. Co. v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995).

Surety also contends the trial court properly dismissed family's claim that conservator improperly took property held by protectee and wife as tenants by the entirety because family failed to state a claim upon which relief can be granted.

A somewhat analogous case is *State ex rel. Gnekow v. United States Fidelity & Guaranty Co.,* 349 Mo. 528, 163 S.W.2d 86 (1942). Therein, a beneficiary under the life insurance policy of her deceased ex-husband and the administrator of decedent's estate made claim to the life insurance policy. The insurance company paid the fund into court by interpleader and the court awarded the fund to the administrator. On appeal, our court reversed the trial court's judgment and awarded the fund to the beneficiary. The beneficiary then demanded the full amount of the fund from the administrator. The administrator returned only part of the fund. As a result, the beneficiary sued administrator's surety. *Id.* 163 S.W.2d at 88.

The issue on appeal was: If an administrator takes property, actually owned by a third person, under the claim that it is an estate asset and puts it into the estate, can the owner recover under the surety bond, after a final determination that it is not an asset of the estate, when the administrator refuses to make full restitution? *Id.* The Missouri Supreme Court stated that when the estate has actually been increased by the value of assets belonging to a third party, then the third party should be able to obtain his property or its value. *Id.* 163 S.W.2d at 89. The court noted that in such a situation the third party could sue in replevin or seek reimbursement from the estate. *Id.* In some situations, however, the third party should be able to sue on the bond. *Id.* 163 S.W.2d at 90.

The court found that the administrator's failure to hold the fund intact, pending the beneficiary's appeal of the interpleader judgment which awarded the fund to the administrator, was a breach of the obligation to the estate. Although the administrator properly participated in the interpleader action to determine ownership of the fund, the administrator was obligated to return the full amount of the fund to the beneficiary. The court noted that if the administrator had kept the fund intact until the question of ownership was settled, neither the beneficiary nor the estate could have been damaged. The court held that a surety could be held

liable for an administrator's taking of a third person's property, and liability on the bond accrues when the question of ownership is finally determined against the estate and the administrator refuses to make restitution. *Id.*

■ Thus, a third party may recover under the bond from the surety after a final determination that the property is not an asset of the estate, if the conservator refuses to make restitution. *Id.*; *State ex rel. Community Heating and Air Conditioning Co. v. Schwartz*, 452 S.W.2d 243, 247 (Mo.App. 1970); *Gilliam v. Hopkins*, 472 S.W.2d 436, 443–44 (Mo.App.1971).[5]

■ At the time family filed their petition against surety, there had been no final determination that the money market account was not an asset of protectee's estate. While this appeal was pending, our court determined in *Scott IV* that the money market account was held by protectee and wife as tenants by the entirety. Although arguably this holding finally determined the issue of ownership of the account against protectee's estate, that determination was not reached before the institution of this lawsuit. In *Gnekow*, the Supreme Court specifically disapproved of those cases which authorized a suit on the bond before the question of ownership had been determined. 163 S.W.2d at 90.

Additionally, there has been no showing that conservator has refused to make restitution after the determination that the account was held by protectee and wife as tenants by the entirety. There is nothing in the pleadings to suggest that conservator did not hold the money market account intact while the interpleader action was pending. Family did not plead in their petition that conservator refused to return the money from the money market account after a final determination had been reached against the estate.

Because there had been no final determination against the estate concerning the ownership of the money market account, nor had it been established that conservator refused to return the account after such a determination, family failed to show that liability under the bond had arisen. Thus, the trial court did not err in dismissing family's claim against defendant that conservator improperly took money held in tenancy by the entirety.

Family next contends the trial court erred in sustaining surety's motion to dismiss in that they had standing to assert claims against it as surety. The trial court held that the claims family attempted to assert could only be asserted by protectee's estate acting through his personal representative. Family argues that they had standing to bring the action against surety because when conservator took it upon himself to collect protectee's assets, he assumed a position of trust, and therefore, owed fiduciary duties to them.

■ Family alleged in their petition that conservator breached his statutory and fiduciary duties and failed to use his skills as an attorney in the protection, preservation, management, and investing of protectee's estate. Family outlined nine separate deficiencies in conservator's performance. Although family brought this action against surety individually and as interested parties in protectee's estate, it is evident from family's allegations that they are not asserting any injury to themselves. If true, the alleged breaches by conservator would have injured protectee by lessening the value of his conservatorship estate. Thus, family's claims allege a breach of fiduciary duties owed to protectee's estate, not themselves. However, a decedent's estate can only act by and through the decedent's personal representative. *Estate of Lemaster v. Hackley,* 750 S.W.2d 692, 694 (Mo. App.1988). Neither wife nor daughter has alleged that they are protectee's personal representative.

Furthermore, our court stated in *Scott IV,* 946 S.W.2d at 253, that to hold that a conservator owes fiduciary obligations to a protec-

---

**5.** Although *Gnekow, Schwartz,* and *Gilliam* discussed when liability on a personal representative's or administrator's bond accrued, we see no reason why the rule would not equally apply to conservator's bonds. Section 475.100 provides that "[s]ections 473.157 to 473.217, RSMo, relating to the bonds of personal representatives, except subsection 1 of section 473.157, RSMo, and subsection 1 of section 473.160, RSMo, are applicable to the bonds of conservators."

tee's spouse or adult children could require the conservator to act in direct conflict to his statutory duty to act in the best interest of the protectee alone. As family has failed to cite any authority to support their claim that conservator owed them statutory or fiduciary duties, the trial court properly dismissed the remaining claims against surety.

The judgment of the trial court dismissing family's petition is affirmed.

SIMON and KAROHL, JJ., concur.