# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1049
_____

Edward Falls Tramble-Bey,      *
     *
       Plaintiff-Appellant,      *
     *
   vs.      * Appeal from the United
     * States District Court
Ed Skiba; Jerry Smith,      * for the Western District
     * of Missouri.
       Defendants-Appellees.      *
     *      [UNPUBLISHED]

_____

Submitted: December 11, 2001
Filed: January 16, 2002

_____

Before LOKEN and BYE, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Edward Falls Tramble-Bey brought this claim as a result of a May 26, 1998, injury he suffered during his incarceration at the Ozark Correctional Center ("OCC") in Fordland, Missouri. Tramble-Bey filed a civil complaint for his injury in Missouri

_____

[1] The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota, sitting by designation.

state court in Laclede County, Missouri, on December 6, 1999. That action was dismissed based upon official immunity and/or the statute of limitations. Subsequently, Tramble-Bey filed this action under 42 U.S.C. § 1983 in Missouri Federal District Court. The district court[2] dismissed the State of Missouri based upon sovereign immunity, and defendants Dora Schriro, Director of the Missouri Department of Corrections; Virgil Lansdown, OCC Superintendent; and Dale Rily, Missouri Vocational Enterprise Superintendent, because respondeat superior "cannot serve as a basis for imposing liability in a § 1983 case." Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995). Four months later, the remaining two defendants, Ed Skiba and Jerry Smith were dismissed under the doctrine of res judicata. Tramble-Bey appeals from the orders dismissing his federal action.

The district court's June 19, 2000, order properly dismissed the parties as a matter of law. The State of Missouri is immune from suit under the Eleventh Amendment since it did not consent to this suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Additionally, respondeat superior cannot apply to a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Defendants Schriro, Lansdown and Rily were not alleged in the complaint to have any personal involvement in the alleged actions which led to Tramble-Bey's injuries nor any knowledge of any dangerous conditions at the work site. Without this direct personal involvement, a causal connection cannot be formed. Pearl v. Dobbs, 649 F.2d 608, 609 (8th Cir. 1982). Therefore, the district court properly dismissed these Defendants. Givens, 900 F.2d at 1233.

Tramble-Bey argues to this Court alleged numerous Constitutional violations allegedly perpetrated upon him by Schriro, Lansdown and Rily. A *pro se* complaint

---

[2]The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

2

is given a liberal interpretation. Haines v. Krener, 404 U.S. 519 (1972). However, when the pleadings are read in a light most favorable to Tramble-Bey, the simple, inescapable conclusion is that he has failed to state a claim for relief and the claims asserted are, indeed, frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Once again, Tramble-Bey's complaints were properly dismissed.

Lastly, in his prior Missouri State Court action, Tramble-Bey sued Defendants Schriro, Lansdown, Rily, Skiba and Smith, alleging negligence. That action was dismissed because of the expiration of the relevant statute of limitations and/or official immunity. Tramble-Bey did not appeal this decision in any manner, rather he filed this federal claim.

> "Res judicata prevents relitigation of the same claim. *See* Jacobs v. Corley, 732 S.W.2d 910, 913 (Mo. App. 1987). Missouri courts hold that four concurring elements must be present to support res judicata: (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the parties to the cause of action; and (4) the identity of the quality or capacity of the person for or against whom a claim is made. *Id.* (citing Eugene Alper Constr. Co., Inc. v. Joe Garavelli's, 655 S.W.2d 132, 136 (Mo. App. 1983)).

Excerpt from: Tolefree v. City of Kansas City, Missouri, 980 F.2d 1171, 1175 (8th Cir. 1992), cert. denied. 510 U.S. 905 (1993).

Missouri law holds that "dismissal of an action on the basis of the statute of limitations is a final adjudication on the merits for purposes of res judicata." Jordan v. Kansas City, 929 S.W.2d 882, 886 (Mo. App. 1996). A federal district court has limited original jurisdiction and cannot review a state court decision such as the one involved in this action. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The district court took proper notice of the prior adjudication of the

identical action involving the identical parties and correctly concluded that Tramble-Bey's remaining § 1983 action is barred by res judicata.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.